## 75418. SIMS v. JOHNSON.
### (365 SE2d 532)

POPE, Judge.

Plaintiff sued defendant for injuries incurred in an automobile accident. The jury returned a verdict in favor of defendant, and plaintiff brings this appeal assigning error to that portion of the trial court's jury charge on equally balanced evidence. After charging on the burden of proof and the preponderance of the evidence, the court charged: "I instruct you that if in the opinion of the jury the evidence on each side is equally balanced, if you the jury believe the witnesses on each side equally credible, if you the jury believe the evidence is just as strong on one side as the other, then the Plaintiff would not have carried the burden of proof as to such issues by a preponderance of the evidence, and on such issues you find this condition to exist, . . . you should find in favor of the Defendant."

We first note that although plaintiff objected to this charge during the charge conference, she raised no objections whatsoever upon inquiry by the trial court following the charge. "An objection to an instruction which is made during a charge conference, but which is not made or reiterated following the giving of the charge, fails to preserve the matter for review by an appellate court. The requirement is

that there be a proper objection *after* the court instructed the jury and before the jury returned a verdict. [A]n objection made only at a charge conference is insufficient to preserve an issue for appeal. . . ." (Citations and punctuation omitted.) *Brown v. Sims*, 174 Ga. App. 243, 244 (329 SE2d 523) (1985); *Caudell v. Sargent*, 118 Ga. App. 405 (164 SE2d 148) (1968).

Furthermore, "[n]othing appears to bring the [enumeration] within the scope of [OCGA § 5-5-24 (c)], which eliminates the necessity of an objection to instructions which show substantial error as a matter of law, explained . . . as 'blatantly apparent and prejudicial to the extent that it raises the question of whether the losing party has, to some extent at least, been deprived of a fair trial because of it.' [Cit.]" *Atlanta Americana &c. Corp. v. Sika Chem. Corp.*, 117 Ga. App. 707, 710 (161 SE2d 342) (1968). As in the case at bar, "[w]here there is no affirmative defense, or no plea in the nature of confession and avoidance, the burden of proof is upon the plaintiff, and [s]he is not entitled to recover, unless, in the opinion of the jury, the preponderance of the evidence is in [her] favor. The charge excepted to was . . . in harmony with this principle, and, under the facts of the case . . . was [not] cause for a new trial." *Courson v. Pearson*, 132 Ga. 698 (2) (64 SE 997) (1909). Accord *Garner v. Driver*, 155 Ga. App. 322 (2) (270 SE2d 863) (1980); *Evans v. DeKalb County Hosp. Auth.*, 154 Ga. App. 17 (3) (267 SE2d 319) (1980); see also *Whitley v. Wilson*, 90 Ga. App. 16 (3) (81 SE2d 877) (1954). Cf. *Parsons v. Harrison*, 133 Ga. App. 280 (3) (211 SE2d 128) (1974), wherein a charge similar to that cited here was found to be erroneous because the defendant asserted several affirmative defenses.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED FEBRUARY 2, 1988.

*Sonja L. Salo*, for appellant.
*Robert B. Hocutt*, for appellee.