A93A1223. JOHN W. ROOKER & ASSOCIATES, INC. v. WILEN MANUFACTURING COMPANY, INC.
(439 SE2d 740)

COOPER, Judge.

Appellant-plaintiff John W. Rooker & Associates, Inc. (Rooker) entered into a construction contract with appellee-defendant Wilen Manufacturing Company, Inc. (Wilen) for services to be performed in the erection of Wilen's new manufacturing site. The scope of the written agreement was modified as work progressed, although not every change order was in writing. Wilen refused to pay the final invoice, and Rooker brought this action alleging breach of contract and fraud in the inducement. Specifically, appellant alleged that appellee entered into the agreement with the fraudulent intent to expand the scope of the work without intending to pay for the additional services. In support of this allegation of fraud, appellant sought to introduce the circumstances of unrelated contractual disputes that appellee had had which purportedly evinced fraudulent intent. Appellee successfully moved in limine to exclude this evidence as irrelevant. However, the trial court timely certified its order for immediate review, OCGA § 5-6-34 (b), and appellant's application for interlocutory appeal was granted by this court. A timely notice of appeal was filed and Rooker appeals from the order of the trial court prohibiting it from "introducing into evidence any disputes, disagreements, litigation, or arbitration proceedings, identified by [appellant], involving contracts or

transactions entered into by [appellee] or by Joseph M. Wilen, individually, other than the contract entered into between [appellant] and [appellee] in this proceeding."

"The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." OCGA § 24-2-2. "In civil cases, [however,] such evidence is always admissible, when the nature of the action involves the general character of the party, or goes directly to affect it. And whenever a particular trait of character is involved in the matter charged against the defendant, there the character of the party, in that particular trait, is put in issue and may be given in evidence. We cannot doubt but that the character of the defendant, for want of integrity and trustworthiness, was put directly in issue by the [allegation of fraudulent inducement to enter into oral change orders]." *McNabb v. Lockhart & Thomas*, 18 Ga. 495, 512 (11) (1855). "Evidence that parties charged with having been engaged in a fraudulent scheme to defraud laborers and materialmen in a building transaction had proposed, or had engaged in, similar fraudulent schemes, is admissible to show fraudulent intent in the transaction in controversy. To render such evidence admissible, it must be shown that the other transactions were fraudulent, and it must appear that they were so connected in point of time and otherwise with the one in issue as to make it apparent that all were proposed or carried out in pursuance of a common fraudulent purpose. [Cits.]" *Deckner-Willingham Lumber Co. v. Turner*, 171 Ga. 240, 243-244 (1) (155 SE 1) (1930). " 'Similar acts are admissible in evidence, if committed or proposed at or about the same time, and when the same motive may reasonably be supposed to exist, with a view to establish the intent of the defendant in respect to the matters charged against him in the [complaint]. [Cits.] . . . Intent, good faith, motive, and other such matters relating to the state of a person's mind are usually not easily susceptible of direct proof. But frequently the state of mind accompanying the doing of an act is illustrated by other acts of a similar nature, done or proposed by the defendant in such a way as to indicate a general practice or course of conduct, or as to display motive, knowledge, intent, good faith, bad faith, and a variety of other such things. [Cits.] Other transactions showing fraud are admissible to show intent. [Cits.]' [Cits.]" *Tapley v. Youmans*, 95 Ga. App. 161, 175 (7) (97 SE2d 365) (1957). See also *Farmer v. State*, 100 Ga. 41 (2) (28 SE 26) (1896) (prior acts admissible against one on trial for being a common cheat and swindler). "The issue being one of fraud, the range of circumstances ought to be very wide. . . . [Cit.]" *Cowan v. Bank of Rockdale*, 159 Ga. 123, 125 (2) (125 SE 194) (1924). "Fraud may not be presumed but, being in itself subtle, slight circumstances may be

sufficient to carry conviction of its existence." OCGA § 23-2-57. " '(I)t is apparent that the trial court's ruling [on appellee's motion in limine] rests upon [the] erroneous legal theory [that the alleged similar transactions *could* not be relevant]. The trial court's reliance upon an erroneous legal theory requires reversal. (Cits.)' [Cit.]" *All Phase Elec. Supply Co. v. Foster & Cooper, Inc.*, 193 Ga. App. 232, 233-234 (2) (387 SE2d 429) (1989).

*Judgment reversed. Beasley, P. J., and Smith, J., concur in judgment only.*

DECIDED DECEMBER 3, 1993 —
RECONSIDERATION DENIED DECEMBER 20, 1993.
Action on contract. Fulton State Court. Before Judge Carnes.
*Hishon & Burbage, Robert H. Hishon, Hugh M. Worsham, Jr.*, for appellant.
*Schnader, Harrison, Segal & Lewis, C. Wilson Dubose, Griffin, Cochrane & Marshall, Terrence L. Croft, Warren N. Sams III*, for appellee.