A94A0112. CALHOUN v. THE STATE.
(444 SE2d 860)

McMURRAY, Presiding Judge.

Defendant was indicted in three counts for aggravated child molestation (Count 1) and child molestation (Counts 2 and 3). All three counts of the indictment are based on separate acts against the same minor victim. Specifically, Count 1 alleges that defendant committed an act of oral sodomy against the victim. Count 2 alleges that defendant exposed his sex organ to the victim, displayed pornographic

magazines to the victim and committed a sexually explicit act with another in the presence of the victim. Count 3 alleges that defendant and an unnamed 15-year-old child committed an act of sodomy in the presence of the victim.

The case was tried before a jury and the victim, 12 years of age at the time of trial, testified that defendant committed acts which constitute the crime aggravated child molestation as charged in Count 1 of the indictment. Bertha Bailey testified that she and her two sons (13 and 16 years of age at the time of trial) resided with defendant; that the victim often visited her home and that neither she nor her 16-year-old child or defendant committed the acts alleged in Counts 1 through 3 of the indictment. Bailey's 16-year-old child testified that he and defendant did not perform a sexually explicit act in the victim's presence as alleged in Count 3 of the indictment.

The jury found defendant guilty of aggravated child molestation as alleged in Count 1 of the indictment and not guilty of child molestation as alleged in Counts 2 and 3 of the indictment. This appeal followed the denial of defendant's motion for new trial. *Held*:

In his sole enumeration, defendant contends the trial court erred "in permitting the State's attorney to question several witnesses about unrelated similar and dissimilar transactions[, arguing] that this evidence impermissibly places his character in issue without him doing so first." Specifically, defendant contends (in the argument supporting this enumeration) that the State impermissibly placed his character in issue during examination of four witnesses.

" 'Our law requires that enumerations "shall set out separately each error relied upon" (OCGA § 5-6-40). . . .' *Murphy v. State*, 195 Ga. App. 878, 880 (6) (395 SE2d 76). When an appellant argues more than one error within a single enumeration, this court in its discretion may elect to review none of the errors so enumerated in violation of OCGA § 5-6-40 (*Murphy*, supra) or elect to review any one or more of the several assertions of error contained within the single enumeration and treat the remaining [enumerations] as abandoned. (*West v. Nodvin*, 196 Ga. App. 825, 830 (4c) (397 SE2d 567))." *Robinson v. State*, 200 Ga. App. 515, 518 (2b) (408 SE2d 820). It is from this perspective that we address defendant's contention that his character was impermissibly placed in issue during the State's examination of Investigator Michael John Crozier of the Stephens County Sheriff's Department.

At trial, Investigator Crozier testified that he interviewed the victim (on videotape) and that the victim informed him that defendant committed the acts alleged in Counts 1 through 3 of the indictment. Defense counsel then cross-examined the investigator and the State's attorney followed-up with the following redirect examination: "Q. Mr. Crozier, in regard to Count No. Three [of the indictment], [defense

counsel] was asking you about [the unnamed 15-year-old child who allegedly committed sodomy in the victim's presence]? A. Yes, sir. Q. Were you able to, in your investigation, verify from [the unnamed 15-year-old child] where [the act of child molestation alleged in Count 3 of the indictment] took place and whether or not it did take place? A. No, sir. Q. As to the [alleged] act of [defendant] placing his mouth on the [private part] of [the unnamed 15-year-old child]? A. At the lake as in Count Three, no, sir. Q. Were you able to verify as to whether that took place at all? A. I only had the statement of [the victim] on that. Q. Did you talk to [the unnamed 15-year-old child]? Did you interview [the unnamed 15-year-old child] at any point in time? A. I have interviewed [him] in the past, yes, sir. Q. And did he tell you whether or not [defendant] had placed his mouth upon his [private part]? A. He didn't say at the lake, sir. Q. Mr. Crozier, do you understand my question? A. Yes, sir. [DEFENSE COUNSEL]: I do, too, and I object to it, and I'd like to take the matter up outside the presence of the jury, Your Honor. These questions are calculated to prejudice the case, and I know where he's going, and I'd like to make my point." Argument on this objection was then taken up outside the presence of the jury. Defense counsel then moved "for a dismissal of the case against [defendant], based upon prejudicial and calculated wilful and wanton conduct on the part of State's Counsel in that he posed a question to this Witness about conversations that this witness supposedly had with [the unnamed 15-year-old child] concerning any sex act between [said child] and [defendant], and no such conversation between Mr. Crozier and [the 15-year-old child] occurred with reference to this case." Defense counsel then proffered evidence that Investigator Crozier questioned the unnamed 15-year-old child in another case pending against defendant. The trial court denied defendant's motion to dismiss the charges against defendant.

Defendant argues that "[a]lthough the answer given by [Investigator] Crozier was that [the unnamed 15-year-old child who allegedly committed sodomy in the victim's presence] did not tell him such conduct occurred 'at the lake,' it was still a qualified response that could have created a negative inference against [defendant] that there was sex between [the unnamed 15-year-old child] and [defendant] at another time or other times, not at the lake." We do not agree. We find nothing in the above quoted examination which impermissibly places defendant's character in issue.

We have considered other contentions raised in this enumeration and find them to be without merit.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED JUNE 3, 1994.

*Timothy P. Healy,* for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney,* for appellee.