A96A1492. MOSS v. RUTZKE.
(476 SE2d 770)

PER CURIAM.

Corinne Rutzke sued her former client Ernest Moss for amounts past due under the parties' legal services contract. Moss counterclaimed for fraud and conspiracy to defraud. The trial court granted summary judgment in favor of Rutzke on both the main action and the counterclaim and awarded judgment against Moss for $1,950.04

plus interest, post-judgment interest and court costs. *Held*:

1. On May 1, 1996, this Court ordered pro se appellant Ernest Moss to file a separate enumeration of error in the above-captioned case in accordance with Court of Appeals Rule 22, which requires appellants to state separately and concisely each issue that they want the Court to decide on appeal. *Calhoun v. State*, 213 Ga. App. 436, 437 (444 SE2d 860) (1994). See, e.g., *Benfield v. State*, 224 Ga. 139 (160 SE2d 398) (1968); accord *Russell v. State*, 225 Ga. 371 (169 SE2d 124) (1969) (incorporation of enumeration of error in the brief fails to comply with the statutory rule and presents nothing for appellate review). Failure to file the requisite enumeration within the time specified may be deemed a failure to perfect the appeal. *Benfield*, 224 Ga. at 139.

In response to this Court's order, Moss filed a document titled "Appellant's Delineation of Enumeration of Errors" consisting of 22 pages of alleged "errors and inconsistencies" with more than 40 so-called "instant facts" and many "indisputable facts." In this delineation, Moss merely recycled verbatim pages 3-23 of his original appellate brief omitting the section labeled argument and reversing the order of two paragraphs.

This is not a slight deviation from Court of Appeals Rule 22. Even holding his pro se filing to a less stringent standard than if drafted by an attorney, Moss's filing did not constitute an "enumeration of errors" within the meaning of Rule 22. *Thompson v. Long*, 201 Ga. App. 480, 481 (1) (411 SE2d 322) (1991). Even pro se appellants must abide by appellate practice rules. The appellee had a right to have the issues to be decided set forth in a clear and concise manner so that she could properly respond to each enumeration with argument and citation of authorities. Because Moss failed to make the requisite filing and offered no valid reason for his failure to fully comply with this Court's order, his appeal is accordingly dismissed. *Wordu v. State*, 216 Ga. App. 552, 553 (1) (455 SE2d 101) (1995).

2. Rutzke moved for the imposition of damages for filing a frivolous appeal. The evidence before the trial court showed Moss failed to pay the amounts required under the contract for legal services and had no valid defense. Nor was there any evidence of fraud as asserted by his counterclaim. Nevertheless, despite the many deficiencies in both the form and content of Moss's appeal, it is not obvious that it was filed solely to interpose delay. OCGA § 5-6-6; *Scales v. American Lease Plans*, 153 Ga. App. 670, 672 (3) (266 SE2d 323) (1980); *Prattes v. Southeast Ceramics,* 132 Ga. App. 584, 586 (3) (208 SE2d 600) (1974). Therefore, Rutzke's motion is denied.

*Appeal dismissed and motion for damages denied. Division per curiam. All the Judges concur.*

DECIDED SEPTEMBER 11, 1996 —
RECONSIDERATION DENIED OCTOBER 3, 1996 — 

Ernest Moss, *pro se.*
*Webb, Carlock, Copeland, Semler & Stair, Robert M. Ethridge, Thomas M. Boyle III,* for appellee.
*Corinne R. Rutzke,* pro se.