A97A1926, A97A2296. NKOSI v. ATLANTA POSTAL CREDIT
UNION (two cases).
(494 SE2d 566)

RUFFIN, Judge.

Atlanta Postal Credit Union (the "credit union") sued Cary Muata Nkosi a/k/a Cary Isom Lewis for debts Nkosi owed under two loan agreements and a credit account. The trial court granted summary judgment to the credit union, awarding it over $12,000 in principal, interest and attorney fees. In Case No. A97A1926, Nkosi appeals pro se from the grant of summary judgment. Based on Case No. A97A1926, the credit union moved for the trial court to require Nkosi to post a supersedeas bond. In Case No. A97A2296, Nkosi appeals pro se from the trial court's grant of the motion for supersedeas bond. For the following reasons, we affirm the trial court in Case No. A97A1926 and dismiss Nkosi's appeal in Case No. A97A2296.

We highlight Nkosi's failure to comply with this Court's procedures regarding filing of the enumerations of errors and briefs. See Court of Appeals Rules 22 (a), 26 and 27 (a). In Case No. A97A1926, the only document filed by Nkosi is entitled "Debtor's Brief in Opposition to Final Judgment Within Civil Action 96A23084-4/Order Requiring Supersedea (sic) Bond" (the "Brief").[1] There is no enumeration of error as required by Court of Appeals Rule 22 (a) and OCGA § 5-6-40. The Brief is also devoid of any statements regarding the proceedings below, the preservation of errors and the applicable standard of review as required by Court of Appeals Rule 27. Rather, the Brief contains nine paragraphs which include some claimed errors, limited argument, virtually no statement of facts and no reference to the record below.

In Case No. A97A2296, Nkosi has filed the same document, although page two, which contains enumerated paragraphs five through nine, is missing. The Brief is the only submission by Nkosi in support of either of his appeals.

Even if we hold pro se filings to a less stringent standard than if drafted by an attorney, see *Moss v. Rutzke*, 223 Ga. App. 58 (1) (476 SE2d 770) (1996), Nkosi presents nothing of substance on which to support a reversal of the trial court.

---

[1] The Brief was not filed with the Court until after the trial court issued its Order Requiring Supersedeas Bond dated May 20, 1997. This helps in some way to explain why Nkosi, who was apparently confused over the appellate process, included in the title of the Brief in Case No. A97A1926 the phrase "Order Requiring Supersedea (sic) Bond," when he is apparently appealing only the grant of summary judgment in A97A1926.

## Case No. A97A1926

In Case No. A97A1926, Nkosi argues that he was entitled to a jury trial on the credit union's suit and that the debt at issue was based on an unfair and unconscionable reaffirmation of debt entered into during Nkosi's Chapter 7 bankruptcy.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The record shows that on December 21, 1994, Nkosi obtained a loan with the credit union in the principal amount of $17,702.88. On June 5, 1995, Nkosi entered into a second loan agreement with the credit union for the principal amount of $4,754.48. On Feb. 6, 1995, Nkosi completed a VISA credit card agreement with the credit union.

In December 1995, Nkosi filed a voluntary bankruptcy petition. While the bankruptcy was pending, Nkosi executed a Reaffirmation Agreement in which he agreed to reaffirm the debt owed under the two loans and the credit card. See 11 USC § 524. Pursuant to 11 USC § 524 (c) (3), Nkosi's attorney stated in a "Declaration Regarding Reaffirmation Agreement" that Nkosi entered into the agreement voluntarily and knowingly and that the reaffirmed debt did not impose an undue hardship on him. There is no evidence that Nkosi, pursuant to 11 USC § 524 (c) (4), rescinded the reaffirmation agreement within 60 days of signing it. In March 1996, Nkosi obtained a discharge in bankruptcy and his bankruptcy case was closed. Nkosi failed to pay the amounts owed under the loans and credit card, so the credit union filed suit.

Despite Nkosi's statements in his Brief, there is no evidence that he did not voluntarily reaffirm his debt during the bankruptcy; that the reaffirmation agreement was unfair, deceptive or unconscionable; that the reaffirmed debt imposed an undue hardship on him; or that he rescinded the reaffirmation agreement within the time required by the bankruptcy laws. We find no error in the trial court's determination that Nkosi was responsible for the debt to the credit union as a matter of law.

Nkosi was not entitled to a jury trial where there were no issues of material fact that needed resolution by a jury. "The purpose of granting summary judgment is to eliminate the necessity for trial by jury where there is no genuine issue as to any material fact shown by the record and the moving party is entitled to a judgment as a matter of law. [Cit.]" *Tony v. Pollard*, 248 Ga. 86, 90 (3) (281 SE2d 557) (1981).

## Case No. A97A2296

In Case No. A97A2296, Nkosi fails to address in any substantive way how the trial court erred in granting the motion for supersedeas bond. As Nkosi has not presented an applicable argument or authority, this appeal is dismissed.

*Judgment affirmed in Case No. A97A1926. Appeal dismissed in Case No. A97A2296. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 4, 1997.

Cary M. Nkosi, *pro se.*
*Thompson, O'Brien, Kemp & Nasuti, John P. O'Brien, Paul J. Morochnik*, for appellee.