## A00A2584. BLANTON et al. v. DURU.
### (543 SE2d 448)

MIKELL, Judge.

This case originated as a petition for equitable partition of real property filed against Roger Blanton by his former wife, Wanda Duru. Duru subsequently added defendants Bob V. Brown and Minerva Brown ("the Browns") and amended the action to include a claim for wrongful foreclosure. At the conclusion of a bench trial, the court ruled in Duru's favor, and the defendants appeal.

The record shows that following the dissolution of the marriage of Duru and Blanton, ownership of the real property that had been their marital home remained unresolved. Therefore, Duru commenced this action seeking partition of the property, which was jointly titled in both their names. Duru also sought to recover amounts that Blanton had failed to pay on certain judgments pursuant to the terms of the final judgment and decree of divorce.

Duru's petition was scheduled for trial on October 11, 1999; however, counsel for the parties reached a settlement that day. The trial court entered a consent order incorporating the settlement agreement on October 15, 1999, nunc pro tunc to October 11, 1999, which provided that Duru would pay Blanton $25,000 for his one-half undivided interest in the property. In return, Blanton was ordered to execute a limited warranty deed conveying his interest to Duru as well as other documents to effectuate the conveyance. The terms of the consent order were conditioned upon there being "no intervening liens or judgments against the property which are unknown to [Duru] and are attributable to [Blanton]" arising after March 9, 1999. The order also provided that it disposed of all of Blanton's interest in the property.

Blanton failed to comply with the consent order and, in fact, filed a security deed conveying his interest in the property to his business partner, Bob V. Brown, and to Brown's wife. As a result of Blanton's refusal to obey the terms of the consent order, the court entered a second order on October 29, 1999, in which it held that the title to the property was vested in Duru and directed her to pay $25,000 into the registry of the court, rather than to Blanton. The court also directed that the security deed conveying Blanton's interest in the property to the Browns be cancelled.

On November 24, 1999, Duru filed a motion to enforce the court's orders and to join the Browns as parties defendant. Following a hearing, the court entered an order on December 6, 1999, granting Duru's motion to add the Browns as parties and finding that Blanton had failed to comply with the consent order. The court also found that the Browns had advertised a foreclosure sale pursuant to the Blanton-Brown security deed. The court again ordered that the security deed

be cancelled of record and temporarily enjoined all foreclosure proceedings.

The Browns were served with a summons and copies of the pleadings on December 13, 1999, and they filed an answer on January 21, 2000. They did not contest the court's jurisdiction over them but did raise an objection to the court's termination of their interest in the subject property.

Duru filed an amended complaint on January 18, 2000, in which she sought damages from Blanton and the Browns for wrongful foreclosure. The court approved the filing of Duru's amended complaint on January 21 and permanently enjoined Blanton and the Browns from pursuing foreclosure proceedings or any sale under power of the cancelled Blanton-Brown security deed. Neither Blanton nor the Browns filed an answer to the amended complaint.

The court conducted a bench trial on May 26, 2000, and concluded that Blanton and the Browns were liable to Duru for wrongful foreclosure. The court issued a final order on June 15, 2000, including detailed findings of fact and conclusions of law. The court awarded Duru damages and attorney fees in the amount of $24,792.56.

1. Initially, we must resolve Duru's motion to dismiss this appeal. The appellants filed their brief and enumeration of errors on September 5, 2000, more than 20 days after the appeal was docketed, in violation of Court of Appeals Rule 26 (a). Additionally, the appellants' brief failed to specify the method by which each enumerated error was preserved for consideration as required by Rule 27 (a) (1) and did not contain citations to the record in violation of Rule 27 (c) (3) (i). However, OCGA § 5-6-30 provides that the rules governing appellate practice should be liberally construed to result in a decision on the merits of a case. Thus, we deny Duru's motion to dismiss and exercise our discretion to consider the merits of this appeal.

2. In their first enumeration of error, Blanton and the Browns argue that the court erred in entering orders subsequent to the October 15, 1999 consent order. They contend that the consent order was a final adjudication and terminated the litigation. We disagree.

First, we note that the appellants failed to raise this issue in any pleadings or during the bench trial. It is well settled that "[i]ssues presented for the first time on appeal furnish nothing for us to review. . . . One may not abandon an issue in the trial court and on appeal raise questions or issues neither raised [in] nor ruled on by the trial court." (Citation and punctuation omitted.) *Cagle v. Davis*, 236 Ga. App. 657, 662 (4) (b) (513 SE2d 16) (1999).

Furthermore, we conclude that the court did not err in issuing orders subsequent to the October 15, 1999 consent order. OCGA § 15-1-3 (3) provides that every court has power "to compel obedience to

its judgments, orders, and process . . . in an action or proceeding therein." It is undisputed that Blanton failed to comply with the consent order requiring that he execute certain documents to convey his interest in the property to Duru. Thus, Blanton's refusal to obey the order of the court necessitated the October 29 and December 6 orders.

Likewise, the court did not abuse its discretion in permitting Duru to amend her complaint to add a claim for wrongful foreclosure. OCGA § 9-11-15 (a) allows a party to amend her pleadings by leave of court and provides that "[l]eave shall be freely given when justice so requires." According to the statute, the court may permit filing of a supplemental pleading to set forth events which have happened since the date of the original pleading. OCGA § 9-11-15 (d). In this case, Duru sought leave of court to amend her original petition to include a claim for wrongful foreclosure, based on events that happened after the filing of the petition. Specifically, Blanton conveyed his interest in the property to the Browns contrary to the court's order, and the Browns instituted foreclosure proceedings against Duru. Therefore, the court properly permitted Duru to file an amended complaint.

3. Next, Blanton and the Browns claim that the court erred in adding the Browns as defendants. Again, the appellants contend that the October 15, 1999 consent order was a final judgment and terminated this litigation.

The court granted Duru's motion to add the Browns on December 6, 1999. Neither Blanton nor the Browns appealed this order or raised any objection to their joinder in a responsive pleading or during the bench trial. In fact, in their answer and response to summons, the Browns stated "[w]herefore, Defendants Bob V. Brown and Minerva Brown pray the [c]ourt to inquire into the matter, withdraw the temporary injunction, deny any permanent injunction to Plaintiff, and for such other relief as the [c]ourt determines to be appropriate." Now the Browns claim that the court erred in adding them as parties because they do not like the outcome of the case.

Based on our decision in Division 2 that the court properly permitted Duru to amend her complaint to add a claim of wrongful foreclosure, we must now determine whether the court abused its discretion in joining the Browns as defendants to that claim. OCGA § 9-11-19 (a) provides that:

A person who is subject to service of process shall be joined as a party in the action if: (1) In his absence complete relief cannot be afforded among those who are already parties; or (2) He claims an interest relating to the subject of the action and is so situated that the disposition of the action may: (A) As a practical matter impair or impede his ability to protect

that interest; or (B) Leave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

We conclude that as holders of the purported security deed on the property, the Browns were appropriate parties to this lawsuit. See *McCalla, Raymer &c. v. C.I.T. Financial Svcs.*, 235 Ga. App. 95, 96 (508 SE2d 471) (1998). The security deed transferring Blanton's interest to the Browns was filed after the October 15 consent order took effect. Duru could not be afforded complete relief on her wrongful foreclosure claim without joinder of the Browns, who instituted foreclosure proceedings against her based on the Blanton-Brown security deed.

Additionally, the Browns claimed an interest in the property at issue, and disposition of the action in their absence may have affected their ability to protect that purported interest. We note that OCGA § 9-11-25 (c) provides for joinder of persons to whom interest has been transferred. Thus, the court did not abuse its discretion in joining the Browns as defendants to this case.

4. Next, the appellants challenge any award of damages based on Blanton's failure to comply with the October 15 consent order. This argument is without merit.

First, the June 15, 2000 order from which Blanton and the Browns appeal assessed damages stemming from Duru's wrongful foreclosure claim, not from Blanton's failure to obey the court's order. Furthermore, the court properly awarded attorney fees to Duru as a sanction for Blanton's failure to comply with the consent order. This sanction was within the court's authority. See *Cohen v. Feldman*, 219 Ga. App. 90, 91 (464 SE2d 237) (1995).

5. Finally, the appellants argue that it was error for the court to award damages based on Duru's mental anguish and lost wages. Again, we find no merit in their argument.

It is well settled that the findings of trial courts in nonjury trials shall not be set aside unless clearly erroneous. *Hirsch v. Joint City County Bd. of Tax Assessors*, 218 Ga. App. 881, 882 (1) (463 SE2d 703) (1995). "As the clearly erroneous test is, in effect, the same as the any evidence rule, appellate courts will not disturb fact findings of a trial court if there is any evidence to support them." Id. The amount of damages awarded for a wrongful foreclosure claim is a matter committed to the factfinder. *First Union Nat. Bank &c. v. Cook*, 223 Ga. App. 374, 378 (7) (477 SE2d 649) (1996).

We conclude that the court's award of damages for mental anguish was not clearly erroneous. In a wrongful foreclosure action, an injured party may seek damages for mental anguish in addition to

cancellation of the foreclosure. *Clark v. West*, 196 Ga. App. 456, 457 (a) (395 SE2d 884) (1990).

> We do not agree . . . that a wrongful foreclosure action sounds only in contract. There exists a statutory duty upon a mortgagee to exercise fairly and in good faith the power of sale in a deed to secure debt. . . . [B]reach of this duty is a tort compensable at law.

(Citation omitted.) Id. The court found sufficient evidence to support Duru's claim for wrongful foreclosure against Blanton and the Browns and to warrant an award of damages for her mental anguish. Because there is evidence in the record to support the court's determination, we will not disturb its findings.

Likewise, the court did not err in awarding damages for Duru's lost wages. In a tort action, "lost earnings are recoverable if the proof is reasonably certain and not based upon mere speculation or guesswork." *Super Discount Markets v. Coney*, 210 Ga. App. 659, 660 (2) (436 SE2d 803) (1993). Duru testified to the specific hourly wages she lost as a result of the actions of Blanton and the Browns. Accordingly, her lost wages were proved with reasonable certainty.

6. We decline to assess penalties against Blanton and the Browns for prosecuting this appeal. Duru's motion for frivolous appeal penalties pursuant to Court of Appeals Rule 15 (b) is denied. Additionally, Duru's motion to assess penalties pursuant to Rule 7 is denied.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED DECEMBER 6, 2000 —

*Palmer H. Ansley, Jr.*, for appellants.
*McLarty, Robinson & Van Voorhies, John E. Robinson, Gregory H. Blazer*, for appellee.