## A02A2450. VAUGHN v. METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY.
### (580 SE2d 323)

BARNES, Judge.

Alleging that the verdict in her favor was inadequate, plaintiff Carolyn Vaughn appeals the judgment against Metropolitan Property & Casualty Insurance Company. The record shows that Vaughn sued Metropolitan, her homeowner's insurance carrier, to recover excessive premiums charged her and for fraud. Her complaint also sought punitive damages and attorney fees.

Metropolitan answered denying liability and asserting that it had already refunded to Vaughn any amount to which she was entitled. Metropolitan also asserted that any overcharges were the result of clerical errors. Additionally, Metropolitan served several requests for admissions. One of the requests asked Vaughn to admit that Metropolitan was "not liable for punitive damages as alleged in [her] Complaint."

At the start of trial, Metropolitan moved in limine to strike Vaughn's demand for punitive damages. The motion asserted that Vaughn was served with a request asking her to admit that as a matter of fact that she was not entitled to punitive damages, that she had failed to answer it, and that she had not sought to withdraw the admissions. Based on Vaughn's failure to answer, the trial court found that she had admitted that punitive damages were not authorized and granted the motion.

The undisputed evidence shows that Metropolitan increased the premiums it charged Vaughn from $508 to $1,271 in 1995, and that over the next four years her premiums were increased to $1,282 in 1996, $3,099 in 1997, and to $4,181 in 1999.

After the judgment was entered in her favor for general damages equaling the excess premiums she paid, $6,548, interest, and attorney fees, Vaughn moved for a new trial asserting that the verdict denying recovery for "general and suffering [sic] is contrary to the evidence and inadequate," "the verdict denying any recovery for general damages is decidedly and strongly against the weight of the evidence and is inadequate," and the "verdict is contrary to law and the

principles of justice and equity." Later, Vaughn amended the brief in support of her motion to assert the other errors now raised in this appeal. After the trial court denied her motion, Vaughn filed this appeal. Finding no reversible error, we affirm.

1. Vaughn has not complied with the rules of this court. In addition to citing to the record sparingly in her statement of facts, see Court of Appeals Rule 27 (a) (1), she has failed to number the pages in her brief, Rule 23 (d), she failed to state how each enumeration of error was preserved for consideration, Rule 27 (a) (1), and she has failed to provide a concise statement of the applicable standards of review for each issue presented. Rule 27 (a) (3).

2. Additionally, the sequence of argument in her brief does not follow the sequence of her enumerations of error and the argument is not numbered accordingly. Court of Appeals Rule 27 (c) (1). Perhaps as a result of this, Vaughn has not supported with argument enumerations of error 5 (alleging the trial court erred by allowing Metropolitan to lead its witnesses); 10 (alleging the trial court erred by refusing Vaughn's request to charge on concurrent causes operating to bring about an injury); 12 (alleging the trial court erred by refusing to give Vaughn's requested charge on misrepresentation of a material fact constituting legal fraud); and 13 (alleging that the trial court erred by refusing to charge on deliberate misrepresentations authorizing recovery of punitive damages). Accordingly, any issue reasonably contained within these enumerations of error on which no argument or citation of authority has been made in Vaughn's brief is deemed abandoned. Court of Appeals Rule 27 (c) (2); *Moore v. Winn-Dixie Stores*, 214 Ga. App. 157, 158 (1) (447 SE2d 122) (1994) (overruled on other grounds).

3. Vaughn contends that the trial court erred by granting Metropolitan's motion to exclude the recovery of punitive damages. She argues that her allegation in the pretrial order that Metropolitan was guilty of fraud would authorize the award of punitive damages. We find no error.

Requests for admissions under OCGA § 9-11-36 are comparable to admissions in pleadings or stipulations of fact, and courts regard them generally as judicial admissions rather than evidentiary admissions of parties. Thus, unless the court allows the answers to be withdrawn, answers to requests for admissions are conclusive and not subject to contradiction or explanation. *Wurlitzer Co. v. Watson*, 207 Ga. App. 161, 164-165 (2) (427 SE2d 555) (1993). Consequently,

[a]ny matter admitted under OCGA § 9-11-36 is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. In determining this issue, we must recognize that the intended purpose of the Code

section is the facilitation of proof at trial. In form and substance an admission under OCGA § 9-11-36 is comparable to an admission in pleadings or stipulation of facts and as such is generally regarded as a judicial admission rather than evidentiary admission of a party. A judicial admission, unless allowed to be withdrawn by the court, is conclusive whereas an evidentiary admission is not conclusive but is always subject to be contradicted or explained. Past decisions of this court have recognized the binding effects of admissions under OCGA § 9-11-36. In *ETI Corp. v. Hammett*, 140 Ga. App. 618 (231 SE2d 545) (1976) it was held that evidence was not admissible to controvert matters deemed to have been admitted by failure to answer requests for admission even though the substance of the matter deemed admitted had been denied in the answer to the complaint.

(Citation and punctuation omitted.) *Pulte Home Corp. v. Woodland Nursery &c.*, 230 Ga. App. 455 (1) (496 SE2d 546) (1998).

Contrary to Vaughn's contention, *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327-328 (1) (486 SE2d 810) (1997), authorizes requests for admissions relating to " 'statements or opinions of fact or of the application of law to fact.' " Further, having failed to challenge properly the scope of the request for admission in the trial court, it is too late now for Vaughn to make that challenge here. Id. at 331 (2). Accordingly, based on Vaughn's admission by failing to answer the requests that she was not entitled to punitive damages, the trial court did not err by granting Metropolitan's motion.

4. Alleging that the information sought was not relevant, Vaughn also contends that the trial court erred by allowing Metropolitan to ask Vaughn if it had properly handled a theft claim she made on her homeowner's policy. Vaughn's entire argument on this enumeration of error states, "The Court allowed questioning of the Appellant regarding how Metropolitan had handled a claim many years ago, which had no relevance, and which was obviously intended to prejudice the jury." As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse. *Whisnant v. State*, 178 Ga. App. 742, 743 (1) (344 SE2d 536) (1986). Vaughn has not argued that the trial court abused its discretion in any way, and on the record before us shows none. Accordingly, this enumeration of error is without merit.

5. Vaughn also contends that the trial court erred by allowing Metropolitan to ask her a question that suggested that the increases in premium were the result of a mistake. Vaughn's entire argument

on this enumeration states, "The Court allowed Metropolitan's attorney to ask a question which assumed that Metropolitan's over charging of the plaintiff was a mistake, which was misleading, since there had been no evidence that the over charging was a mistake."

An argument, however, which merely restates or rephrases an enumeration of error is insufficient to present an issue for appellate review. *Craig v. State*, 205 Ga. App. 856 (2) (424 SE2d 902) (1992). Therefore, this enumeration of error is deemed abandoned under Court of Appeals Rule 27 (c) (2) because it is not supported by argument or citation of authority.

6. Vaughn also contends that the trial court erred by refusing to allow her to question Metropolitan about settlement of other cases against it concerning discrimination in rate increases. She contends the trial court's failure to allow the appellant to have a "thorough and sifting cross examination of Metropolitan's client representative, since the fact that Metropolitan had settled cases where rate increases had been based upon discrimination had relevance to the case of Carolyn Vaughn." When Vaughn asked this question of Metropolitan's representative, Metropolitan objected based on relevancy, and Vaughn responded that Metropolitan had settled cases "that had to do with discrimination that could explain what happened here."

Although such evidence can be admissible, see *John W. Rooker & Assoc. v. Wilen Mfg. Co.*, 211 Ga. App. 519, 520 (439 SE2d 740) (1993), "[t]he general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." OCGA § 24-2-2. Here, it is apparent from Vaughn's argument in the trial court — that the other cases "could explain what happened here" — she had no information showing the relevance of those cases to this case. Therefore, what Metropolitan may have done in other cases has little bearing on this case.

> In a controversy between two persons regarding a given subject matter, evidence as to what occurred between one of them and a third person with reference to a similar, though entirely distinct, transaction is irrelevant. . . . To render such evidence admissible, it must be shown that the other transactions were fraudulent, and it must appear that they were so connected in point of time and otherwise with the one in issue as to make it apparent that all were proposed or carried out in pursuance of a common fraudulent purpose. The admission or exclusion of collateral evidence by the trial court is reviewed under an abuse of discretion standard.

(Citations and punctuation omitted.) *Ament v. Bennett's Fine Jewelry*,

249 Ga. App. 683, 684-685 (549 SE2d 501) (2001). In the circumstances of this appeal, we find no abuse of that discretion.

7. Vaughn also alleges that the trial court erred by allowing Metropolitan to introduce in evidence certain billing records without laying a proper foundation. In her argument she asserts that this exhibit was prepared for litigation and did not fall within the business record exception of the hearsay rule. In the trial court, however, Vaughn first objected to introduction of this exhibit because it did not "have any relevancy to the case," and later objected because "we don't think that we've, they've established what those are."

As Vaughn failed to object to the admissibility of the exhibit on the same grounds in the trial court as she has now asserted in her enumeration of error and brief, she has waived on appeal all issues of admissibility to which she failed to pose a timely, specific objection at trial. *Ray v. State*, 187 Ga. App. 451, 452 (370 SE2d 629) (1988). Also, she has waived all issues of admissibility not reasonably contained within the enumeration of error, regardless of whether such issues were subject to a timely objection at trial. *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649) (1993).

8. Vaughn alleges that the trial court erred by preventing her from asking Metropolitan's representative whether it had ever responded to a letter from Vaughn's counsel. Vaughn's argument simply repeats the enumeration of error and states that it was error for the trial court not to allow this questioning. As we stated in Division 6 and for the same reasons, this argument is insufficient to preserve the issue for our consideration.

9. Contending that there was no evidence her injury was small nor any evidence of mitigating circumstances, Vaughn alleges that the trial court erred by instructing the jury on nominal damages and on mitigation of damages. Any error associated with the giving of these charges, however, has been waived because the record shows that Vaughn failed to object to the giving of them. OCGA § 5-5-24 (a). The transcript shows that Vaughn's only objection to the charge after the trial court charged the jury was, "Your Honor, we object to the Court having failed to give plaintiff's request to charge numbers one, six, eight, and nine. And we object to the Court having given the instruction to the effect that if the jury finds that the plaintiff failed to use reasonable care, then that would affect the recovery." In civil cases, exceptions or objections to charges must be made after the jury is charged and before the verdict; objections made at charging conferences before the charge is given do not preserve charging issues for appellate review. *Bruno v. Evans*, 200 Ga. App. 437, 441 (4) (408 SE2d 458) (1991); *Sims v. Johnson*, 185 Ga. App. 720-721 (365 SE2d 532) (1988). Failing to object to the giving of these charges, Vaughn has not preserved these issues for appeal. Id.

10. Vaughn further contends that the trial court erred by failing to give her requested charge on spoliation of evidence that "[a] fact that a party has spoiled evidence or otherwise made it unavailable raises a presumption that this evidence would be harmful to the party who spoiled such evidence" because "it was apparent that Metropolitan had destroyed or failed to produce evidence which was the subject of a Notice to Produce."

The transcript shows, however, that the trial court gave the following charge to the jury on this point:

> Where a party has evidence by which a party may repel a claim or charge against him or her and omits to produce it or having more certain or satisfactory evidence relies on that which is of a weaker or inferior nature, a presumption arises that the charge or claim is well-founded, but this presumption may be rebutted.

Because it is not error to fail to charge in the exact language of a requested charge when, as in this case, the principles of law embodied in the request are included in the charge given, *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 161 (2) (256 SE2d 916) (1979), we find no error.

11. Finally, Vaughn alleges that the trial court erred by denying her motion for a new trial. She contends that "the rulings of the trial court, taken separately, and particularly when considered as a whole, mandated that the Superior Court grant [her] a new trial." Because we find that the evidence supports the verdict and Vaughn's other enumerations of error are without merit, we disagree.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED MARCH 26, 2003.

*Walter D. Adams*, for appellant.
*Lawrence L. Bennett, Jr.*, for appellee.