A07A1144. PAREKH v. WIMPY.
(653 SE2d 352)

MIKELL, Judge.

Pro se appellant Dhiru Parekh appeals a judgment of $134,878 entered on a jury verdict in favor of Ray Wimpy in his breach of partnership action. Parekh also appeals the order denying his motion for new trial, in which the trial court awarded $875 in attorney fees to Wimpy. We affirm.

1. At the outset, we address multiple and flagrant deficiencies in appellant's brief. Appellant has failed to comply with the rules of this Court with regard to the structure and content of his appellate brief. Our rules require "a succinct and accurate statement of the proceedings below and the material facts relevant to the appeal and the

---

citation of such parts of the record or transcript essential to a consideration of the errors complained of."[1] Appellant's brief is utterly devoid of citations to the parts of the record or transcript essential to consider the enumerated errors, and, generally, "[i]n the absence of such reference, the Court will not search for or consider such enumeration."[2] Nor is there any "statement of the method by which each enumeration of error was preserved for consideration,"[3] and it is not this Court's function to cull the record on behalf of a party.[4] Appellant's brief also omits "a concise statement of the applicable standard of review with supporting authority for each issue presented in the brief."[5] Most significantly, appellant has failed to provide reasoned argument or citation of authority in support of any enumerated error, and "[a]ny enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned."[6]

"Our requirements as to the form of appellate briefs were created, not to provide an obstacle, but to aid parties in presenting their arguments in a manner most likely to be fully and efficiently comprehended by this Court."[7] The deficiencies in appellant's brief "make[ ] it difficult to determine what this case is even about, much less allow this Court to perform any meaningful analysis of the asserted errors."[8]

However, the legislature has instructed that the Appellate Practice Act "shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case."[9] Thus, we disagree with Wimpy's contention that we should dismiss this appeal, and we exercise our discretion to consider the merits.[10]

2. In his first enumeration of error, appellant seemingly challenges the sufficiency of the evidence to support the verdict. He cites

---

[1] Court of Appeals Rule 25 (a) (1).

[2] Court of Appeals Rule 25 (c) (3) (i).

[3] Court of Appeals Rule 25 (a) (1).

[4] See *COMCAST Corp. v. Warren*, 286 Ga. App. 835, 842 (3) (650 SE2d 307) (2007).

[5] Court of Appeals Rule 25 (a) (3).

[6] Court of Appeals Rule 25 (a) (3), (c) (2). See *Dashtpeyma v. Wade*, 285 Ga. App. 361 (1) (646 SE2d 335) (2007); *Vaughn v. Metro. Property & Cas. Ins. Co.*, 260 Ga. App. 573, 576 (5) (580 SE2d 323) (2003).

[7] *Aldalassi v. Drummond*, 223 Ga. App. 192 (1) (477 SE2d 372) (1996).

[8] (Citation omitted.) *In the Interest of D. D.*, 273 Ga. App. 839 (1) (616 SE2d 179) (2005).

[9] OCGA § 5-6-30.

[10] See *Blanton v. Duru*, 247 Ga. App. 175, 176 (1) (543 SE2d 448) (2000). See also *Robinson v. State*, 210 Ga. App. 278, 279 (2) (435 SE2d 718) (1993) ("Where it is apparent from the notice of appeal, the record, the enumerations of error, or any combination of the foregoing, what errors are sought to be asserted upon appeal, the appeal shall be considered notwithstanding that the enumerations of error fail to enumerate clearly the errors sought to be reviewed") (citation omitted).

OCGA § 5-5-20, which provides: "In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the judge presiding may grant a new trial before another jury." But appellant has not supplied the entire trial transcript in the record on appeal. Only pretrial motions and the opening statements at trial have been transmitted to this Court. "In the absence of a transcript, we must presume that the evidence supported the jury's verdict."[11]

3. In his second enumeration of error, appellant argues that the trial court erred in conducting hearings without requiring service upon the registered agent of the "corporation." But the action named only Parekh individually as a defendant; Wimpy did not name any corporate entities as defendants. Therefore, no service of process upon them was necessary.

4. In his third enumeration of error, appellant contends that the trial court erred by permitting the action to proceed against him personally in a "corporate matter" although he was not represented by counsel. This enumeration is not supported by citation of authority and thus is deemed abandoned.[12]

5. In his fifth enumeration of error, appellant contends that "the case against the corporation was statute barred." As discussed in Division 3, the action was not brought against a corporation. Therefore, this claim fails.

6. Appellant's fourth and seventh enumerations of error, which assert that the trial court improperly dismissed his counterclaims and erred in allowing the jury to award attorney fees, cannot be considered because appellant failed to include the relevant portions of the trial transcript in the appellate record. "In the absence of a transcript, we must presume that the evidence supported the jury's verdict."[13]

7. Appellant's sixth enumeration of error contends that the judgment entered on the jury's verdict is "ambiguous." To the contrary, the judgment clearly awards Wimpy $64,878 on his breach of partnership claim, plus interest accruing from a certain date, $20,000 in attorney fees, and $50,000 in damages for fraud. This claim is meritless.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

---

[11] (Citations and punctuation omitted.) *Harry v. Dale*, 281 Ga. 870, 871 (644 SE2d 137) (2007).

[12] See Court of Appeals Rule 25 (c) (2); *Hall v. Hall*, 281 Ga. App. 256, 257 (635 SE2d 847) (2006).

[13] (Citations and punctuation omitted.) *Harry*, supra.

DECIDED OCTOBER 10, 2007 —
RECONSIDERATIONS DENIED OCTOBER 30, 2007 —

Dhiru Parekh, *pro se.*
*Perrotta, Cahn & Prieto, Anthony N. Perrotta, Michael A. Prieto,*
for appellee.