A08A1981. RILEY v. GEORGIA DEPARTMENT OF REVENUE.
(673 SE2d 49)

MIKELL, Judge.

Stephanie D. Riley filed an action against her former employer, the Georgia Department of Revenue ("DOR"), alleging wrongful termination. The DOR filed a motion for summary judgment, arguing that Riley's complaint was barred as it was an attempt to relitigate her unsuccessful Title VII retaliation claim, which was dismissed in federal court, and that Riley was terminated due to poor performance, rather than retaliation for allegedly reporting fraud, waste, and abuse. The trial court granted DOR's motion for summary judgment, from which Riley appeals pro se. For the following reasons, we dismiss Riley's appeal.

Riley has failed completely to follow the rules of this Court pertaining to the filing of her appellate brief. Riley has violated Court of Appeals Rules 22 and 25. Both Court of Appeals Rule 22 and

OCGA § 5-6-40 require the filing of an enumeration of errors. The enumeration need not be filed as a separate document. But Riley has not filed an enumeration of errors separately or as a portion of her brief. Additionally, Riley's brief does not contain a statement of proceedings below, argument and citation of authority, or any citations to the record, all of which are required by Court of Appeals Rule 25. Instead, Riley's brief consists of two pages of computer printouts, which appear to be from a DOR database, and seven pages of frequently illegible facts.

"[T]he legislature has instructed that the Appellate Practice Act shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case."[1] However, in cases where we have exercised our discretion to consider the merits of an appeal despite the failure to comply with this Court's rules that govern the structure and content of briefs, the appellants have, at the very least, attempted to set forth enumerated errors.[2] Here, Riley did not. We have held that "pro se appellants must abide by appellate practice rules."[3] "This Court and the Supreme Court of Georgia have made clear that failure to file an enumeration of errors requires dismissal of an appeal, and that arguments raised in the appellate brief are not made issues on appeal unless they are properly enumerated as error."[4] Therefore, even holding "pro se filings to a less stringent standard than if drafted by an attorney, [Riley] presents nothing of substance on which to support a reversal of the trial court."[5]

*Appeal dismissed. Smith, P. J., and Adams, J., concur.*

DECIDED JANUARY 23, 2009.

---

[1] (Punctuation and footnote omitted.) *Parekh v. Wimpy*, 288 Ga. App. 125, 126 (1) (653 SE2d 352) (2007).

[2] See *Parekh*, supra at 126-127 (2) (appellate brief failed to include references to the record or citations of authority but was not dismissed as it did set forth enumerations of error); *Blanton v. Duru*, 247 Ga. App. 175, 176 (1) (543 SE2d 448) (2000) (motion to dismiss denied where appellate brief contained enumerated errors although it did not specify the method by which each enumerated error was reserved or include citations to the record).

[3] *Moss v. Rutzke*, 223 Ga. App. 58, 59 (1) (476 SE2d 770) (1996).

[4] *Miles v. Emmons*, 234 Ga. App. 487 (507 SE2d 762) (1998) (appellant filed no enumeration of errors). Accord *Reeder v. Gen. Motors Acceptance Corp.*, 235 Ga. App. 617, 619 (1) (b) (510 SE2d 337) (1998); *Slaton v. Village Oaks Condos.*, 259 Ga. App. 186, 187 (576 SE2d 587) (2003). See *Hall v. Thompson*, 193 Ga. App. 574, 575 (2) (388 SE2d 381) (1989) (appellate brief that includes no enumerations of error but incorporates brief filed in the lower court is subject to dismissal).

[5] *Nkosi v. Atlanta Postal Credit Union*, 229 Ga. App. 669 (494 SE2d 566) (1997), citing *Moss*, supra at 58 (1).

Stephanie D. Riley, *pro se.*

Thurbert E. Baker, *Attorney General, Annette M. Cowart, Senior Assistant Attorney General, Steffanie W. Morrison, Assistant Attorney General,* for appellee.