# Court of Appeals
# of the State of Georgia

ATLANTA,   October 23, 2013

*The Court of Appeals hereby passes the following order:*

## A13A1337. SMITH v. RICE et al.

After considering the eight enumerations of error asserted in appellant's application for discretionary appeal, this court granted the application. In his brief filed on appeal, appellant includes only one of the enumerations previously asserted in his application for discretionary review (Enumeration 6) and a new enumeration not made in his application for discretionary review (Enumeration 9). "An application for discretionary appeal must 'enumerate the errors to be urged on appeal,' OCGA § 5-6-35 (b), and so when, we grant discretionary review, it necessarily is limited to the errors actually enumerated in the application. See Christopher J. McFadden et al., Georgia Appellate Practice § 13:15 ) (2012 ed.)." (Punctuation and footnote omitted.) *Zekser v. Zekser*, _293 Ga. 366, 369 (2) (744 SE2d 698) (2013). Because only Enumeration 6 in appellant's brief was also asserted in his application for discretionary appeal, our review is limited to Enumeration 6 in this appeal.

"In order for a Georgia appellate court to review a trial court ruling for legal error, a party must set forth in the enumeration of errors the allegedly erroneous ruling. OCGA § 5-6-40. The appellate court is precluded from reviewing the propriety of a lower court's ruling if the ruling is not contained in the enumeration of errors." (Citations omitted.) *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999). Additionally, an appellant cannot incorporate by reference into an appellate brief arguments previously made in other documents filed with the court.

> This practice is not approved by this court and we decline to look in the record for matters which should have been set forth in the brief. Moreover, if we were to permit this practice a party could evade entirely

the page limitations on briefs established in our Rules. See Court of Appeals Rule 24 (f). Accordingly, we have limited our review to those [enumerations] actually made in [the] appellate brief.

(Citation and punctuation omitted.) *Bourff v. Green Tree Servicing*, 321 Ga. App. 320, 323-324 (4) (741 SE2d 175) (2013) (physical precedent only) ; *Riley v. Georgia Dept. of Revenue*, 295 Ga. App. 656, 657 n. 4 (673 SE2d 49) (2009). Therefore, to the extent appellant's brief could be construed as an attempt to incorporate by reference his application for discretionary appeal, it is of no effect. See id. "We recognize that [appellant] is acting pro se; nevertheless, that status does not relieve him of the obligation to comply with the substantive and procedural requirements of the law, including the rules of this court." (Citations, punctuation and footnote omitted.) *Brown v. Mowr Enterprises*, 322 Ga. App. 93 (742 SE2d 173) (2013).

In Enumeration 6, appellant "asserts that the trial court was in error by arbitrarily raising a defense for the defendant (Rice) absent any motion in writing by the defendant and this instant case must be reversed to correct a manifest injustice." As a trial court is authorized to dismiss a case sua sponte in the absence of a motion and the "defense" at issue was not an affirmative defense subject to waiver, this enumeration of error has no merit. See *J. N. Legacy Group v. City of Dallas*, __ Ga. App. __ n. 6 (745 SE2d 721) (2013) (trial court has inherent authority to dismiss sua sponte); OCGA § 9-11-8 (c) (list of affirmative defenses).

We therefore DISMISS this appeal on the grounds that it was improvidently granted.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, 10/23/2013
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_ , Clerk.