# Court of Appeals
# of the State of Georgia

ATLANTA, November 05, 2024

*The Court of Appeals hereby passes the following order:*

## A25I0073. STOKER DEVELOPMENT, LLC et al. v. PARKLAND HOMEBUILDERS, LLC.

In this action for breach of contract and related claims, the trial court entered three orders on September 20, 2024, in which it: (i) denied the defendants' motion for summary judgment; (ii) granted the plaintiff's request for an interlocutory injunction prohibiting the defendants from conveying or encumbering certain real property pending final resolution of the litigation; and (iii) denied the defendants' motion to add a party plaintiff. On October 16, 2024, the defendants filed this application for interlocutory review of the September 20 orders. The certificate of immediate review attached to the defendants' application, however, appears to be defective, as it was signed by a different judge than the judge who signed the three orders at issue. See OCGA § 5-6-34 (b). Accordingly, we will construe this filing as an application for discretionary appeal, in which no certificate of immediate review is required, rather than an application for interlocutory appeal, in which a proper certificate of immediate review is necessary. Compare OCGA § 5-6-34 (b), with OCGA § 5-6-35 (b); see *Riley v. Ga. Dept. of Revenue*, 295 Ga. App. 656, 657 (673 SE2d 49) (2009) ("The legislature has instructed that the Appellate Practice Act shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case.") (citation and punctuation omitted).

An order granting or denying a motion for an interlocutory injunction is directly appealable under OCGA § 5-6-34 (a) (4). See *Jones v. Peach Trader*, 302 Ga. 504, 511 (III) (807 SE2d 840) (2017). Moreover, all rulings within the order sought to be

appealed and any other non-final rulings entered in the case also may be challenged as part of such a direct appeal. See OCGA § 5-6-34 (d); *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980). Under OCGA § 5-6-35 (j), this Court will grant a timely application for discretionary review if a lower court order at issue is subject to direct appeal. See *City of Rincon v. Couch*, 272 Ga. App. 411, 412 (612 SE2d 596) (2005). Accordingly, this timely application is hereby GRANTED. See OCGA § 5-6-35 (d) (an application for discretionary review must be filed within 30 days of entry of the order or judgment sought to be appealed). The defendants shall have ten days from the date of this order to file a notice of appeal in the trial court. See OCGA § 5-6-35 (g). If the defendants already have filed a notice of appeal in the trial court, then they need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,___11/05/2024_____

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.