## 54421. BROOKS v. ROLEY & ROLEY ENGINEERS, INC.

BANKE, Judge.

This is an action by the appellant to recover a debt allegedly owed him by the appellee, a forensic engineering firm specializing in providing expert witness services to attorneys. The appellant was formerly an officer, director, and stockholder of the firm. He left, and a dispute arose over the satisfaction of an indebtedness owed to him by the firm. The firm contended that the indebtedness was offset by the value of certain files which the appellant took with him and that the two parties had an agreement that the files would be accepted in satisfaction of the indebtedness. These files represented open cases on which the firm had been retained and on which the appellant had begun work.

1. Prior to trial, the appellant sent requests for admissions to the president of the firm, Mr. Roley, asking him to admit that the appellant had offered to return the files to the corporation and that the offer had been refused. Roley responded, admitting these facts. When asked about this at trial, however, Roley stated that he knew of no such answer, that it was made by his attorney without his knowledge, and that it was in error. The trial judge allowed the two requests for admission and the responses into evidence, but only for the purpose of impeachment. He instructed the jury accordingly.

Code § 81A-136 (b) (Ga. L. 1966, pp. 609, 648, as amended through Ga. L. 1972, pp. 510, 528) provides that any matter admitted in response to a request for admission "is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." The question of whether the admission is admissible as evidence has previously been settled. In *Forsyth v. Peoples, Inc. of Rome,* 114 Ga. App. 726, 727 (152 SE2d 713) (1966), this court held: "[A] study of the federal cases relating to Rule 36 of the Federal Rules of Civil Procedure, which is substantially the same [cit.] as the Georgia Code section under consideration, makes it clear that the federal courts regard requests for admissions and responses thereto as constituting matters

of proof and of evidence. [Cits.] We adopt this interpretation of requests and responses thereto as sound and consonant with our practice. Such papers, not being a part of the pleadings in the case and being in the nature of evidence and relating to the proof, must, therefore, before they can be considered by the trior of the facts, be introduced in evidence."

The trial court erred in refusing to admit the admissions as probative evidence and in failing to charge the jury, on request, that the facts admitted were conclusively established. Since the admissions bear directly on the question of whether an agreement had been reached, the error requires reversal.

2. No authority, and very little argument, is offered in support of any of the ten remaining enumerations of error. Number 5 is abandoned for failure to refer to the pages in the transcript where the ruling may be found. See Code Ann. § 24-3618 (c) (3) (Rule 18 (c) (3)); *Bode v. Northeast Realty Co.*, 117 Ga. App. 226 (1) (160 SE2d 228) (1968); *Chambers v. Donalson,* 122 Ga. App. 439 (2) (177 SE2d 264) (1970).

The remaining enumerations of error have been carefully considered and have been determined to be without merit.

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

Argued September 15, 1977 — Decided November 22, 1977.

*Pitts & Pitts, Hugh Nations,* for appellant.
*Baldwin & Prior, William A. Prior, Jr.,* for appellee.