A08A1729. VELASCO v. CHAMBLESS.
(671 SE2d 870)

MIKELL, Judge.

Alleging that Christopher Chambless shot him in the head on December 25, 2004, Mario Velasco filed this renewal action for damages against Chambless and his wife, Linda Chambless. Velasco dismissed his claim against Linda Chambless shortly before trial, and she is not a party to this appeal. The trial ended in a defense verdict for Chambless. Velasco appeals the judgment entered on the jury's verdict, asserting that the trial court erred in allowing Chambless to withdraw admissions made by operation of law and in denying Velasco's motion for summary judgment based on those admissions. Because the trial court did not abuse its discretion in allowing Chambless to withdraw the admissions, and because the denial of summary judgment is moot, we affirm the judgment.

1. Velasco first challenges the trial court's ruling allowing Chambless to withdraw the admissions made by operation of law. We find no error.

"When requests for admission are made, the matter is deemed admitted unless denied by written answer [in a timely manner]."[1] Under OCGA § 9-11-36 (b), the trial court is vested with broad discretion to permit withdrawal of an admission made by reason of the failure to make a timely response to the request.[2] On appellate review, "the trial court's ruling on this issue may be reversed only upon a showing of abuse of discretion."[3]

After filing the renewal action, Velasco's counsel served the requests for admission at issue here on Chambless, rather than on Chambless's counsel, although evidence in the record indicates that Velasco's counsel was aware that Chambless was already represented by counsel, in fact the same counsel who had represented him in the original lawsuit.

Chambless filed a timely answer to the renewal complaint but did not timely respond to the requests for admission. Thus, Chambless admitted the following requested admissions by operation of

---

[1] *Mote v. Tomlin,* 136 Ga. App. 616 (1) (222 SE2d 57) (1975). Accord *Fox Run Properties v. Murray,* 288 Ga. App. 568, 569 (1) (654 SE2d 676) (2007). See OCGA § 9-11-36 (a) (2).

[2] *Turner v. Mize,* 280 Ga. App. 256, 257 (1) (633 SE2d 641) (2006).

[3] (Citation and punctuation omitted.) Id.

law: that "while intoxicated and under the influence of alcohol or unprescribed [sic] drugs, [he] intentionally shot [Velasco] in the head, with a gun"; and that, "[a]s a result of [Chambless's] actions, . . . Chambless is liable to [Velasco] for damages in excess of . . . one million dollars, for [Velasco's] pain and suffering, medical expenses past and future, and such other damages as are just and proper."

In granting Chambless's motion to withdraw admissions, the trial court ruled that both prongs of the test for withdrawal of admissions made by operation of law had been met; that is, that the merits of the case would be subserved by permitting the withdrawal and that Velasco would not be prejudiced in maintaining the action on the merits.[4] We conclude that the trial court did not abuse its discretion in so ruling, and Velasco does not argue to the contrary.

Instead, Velasco contends that the trial court erred in considering Chambless's motion to withdraw admissions because the motion to withdraw was filed after the last date for filing motions provided in the trial court's scheduling order, denominated a "Pre-Trial Deadline Order." This argument is without merit. Plainly, the scheduling order, filed June 5, 2007, was not intended as a pretrial order, given that the trial court signed a "Consolidated Pretrial Order" on July 11, 2007 (filed July 12, 2007). Thus, the provisions of OCGA § 9-11-16 (b), governing pretrial orders which limit the issues to be tried and control the subsequent course of the action, did not apply to limit the trial court's discretion to permit withdrawal of the disputed admissions under OCGA § 9-11-36 (b). In any event, the scheduling order provided that it could be amended "by Order of the Court to prevent manifest injustice." In this case, Velasco presented his case to the jury and did not prevail on the merits. A manifest injustice would have occurred had Velasco been permitted to prevail based on untrue admissions arising from Chambless's failure to file a timely answer. "[Velasco] has no right to a judgment based on *false* 'admissions' effected merely because [Chambless was] late in answering the request[ ] for admissions, for such false admissions do not subserve the merits."[5]

2. Velasco argues that the trial court erred in denying his motion for summary judgment. However, "[d]enial of a motion for summary judgment is rendered moot by the court's entry of judgment on the

---

[4] See *Brankovic v. Snyder*, 259 Ga. App. 579, 580 (578 SE2d 203) (2003); *Bailey v. Chase Third Century Leasing Co.*, 211 Ga. App. 60, 61 (1) (438 SE2d 172) (1993).

[5] (Punctuation and footnote omitted; emphasis in original.) *Brankovic*, supra at 583.

verdict."[6] Therefore, the denial of Velasco's motion for summary judgment presents nothing for review.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED DECEMBER 22, 2008.

*Zeribe N. Ogueri*, for appellant.
*Cruser & Mitchell, Evan R. Mermelstein*, for appellee.

---

[6] *Ga. Power Co. v. Irvin*, 267 Ga. 760, 767 (6) (482 SE2d 362) (1997), citing *Kicklighter v. Woodward*, 267 Ga. 157, 162 (5) (476 SE2d 248) (1996).