**THIRD DIVISION
ELLINGTON, P. J.,
DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**July 13, 2015**

# In the Court of Appeals of Georgia

A15A0569. McCLARTY v. TRIGILD INCORPORATED et al.

McFADDEN, Judge.

Emma McClarty brought an action against Trigild Incorporated, among others, alleging that she was injured when a ceiling in a motel operated by Trigild collapsed on top of her. The jury returned a verdict in favor of Trigild and the trial court entered judgment on that verdict. On appeal, McClarty asserts errors related to four of her requests for admission, requests number 26, 29, 30 and 31 (set forth in full in Division 1, infra).

McClarty argues that the trial court erred in ruling that her request number 26 was improper. In that request, she asked Trigild to admit that the condition of the ceiling was hazardous. After Trigild responded by denying _knowledge_ of any alleged hazardous condition, McClarty moved the trial court to determine the sufficiency of

Trigild's response. Instead of doing so, the trial court held that McClarty's request was inappropriate. We agree with McClarty that this holding was error and, accordingly, we vacate the trial court's judgment and remand the case for the trial court to determine the sufficiency of Trigild's response to request number 26 and for other proceedings not inconsistent with this opinion.

McClarty argues that the trial court erred in allowing Trigild to amend its response to request number 29 from a denial to a qualified, rather than unqualified, admission. In that request, she asked Trigild to admit that it did not warn her of the condition that led to the collapsed ceiling. Trigild initially responded by denying knowledge of any alleged hazardous condition. After McClarty moved the trial court to determine the sufficiency of this response, the trial court permitted Trigild to amend its response to admit that it did not warn McClarty of the condition but to state that it did not know of the condition. We find that the trial court did not abuse his discretion in this ruling.

Finally, McClarty argues that Trigild improperly presented evidence at trial that contradicted its admissions to requests number 29, 30 and 31, in which Trigild admitted that it did not warn McClarty of the condition and that, had it known of the condition, it would have had certain obligations toward McClarty and others. We find

2

no error, because the evidence to which McClarty points does not contradict those admissions; rather, it concerned whether McClarty was hit in the head with drywall when the ceiling collapsed.

Because we find no merit in McClarty's arguments concerning requests numbers 29, 30 or 31, those claims of error pose no bar to the trial court reentering the judgment if such action otherwise would be appropriate after the trial court rules on the sufficiency of the first request.

1. *Procedural posture.*

Pursuant to OCGA § 9-11-36, McClarty propounded several requests for admission upon Trigild, to which Trigild responded. The requests and responses at issue in this appeal are as follows:

26. The condition on the premises that led to the ceiling's collapse and fall on Ms. Emma McClarty was a hazardous condition.

*Response*[:] Defendant Trigild Incorporated denies actual and constructive knowledge of any alleged hazardous condition in the room cited in this request.

29. Prior to the ceiling's collapse and fall on Ms. Emma McClarty on November 11, 2009, you, through your agents, employees, and/or

3

delegates did not warn Ms. Emma McClarty of the condition that led to the ceiling collapsing and falling on her.

*Response*[:] Defendant Trigild Incorporated denies actual and constructive knowledge of any alleged hazardous condition in the room cited in this request that would have triggered a duty to warn.

30. Prior to the ceiling's collapse and fall on Ms. Emma McClarty on November 11, 2009, had you, through your agents, employees, and[/]or delegates known of the condition that ultimately led to the ceiling collapsing and falling on Ms. Emma McClarty[ ] you had an obligation to fix or alleviate the condition.

*Response*[:] Defendant Trigild Incorporated admits this request. . . . Defendant Trigild Incorporated denies actual and constructive knowledge of any hazardous condition in the room cited in the request.

31. Prior to the ceiling's collapse and fall on Ms. Emma McClarty on November 11, 2009, had you, through your agents, employees, and/or delegates known of the condition that ultimately led to the ceiling's collapse and fall on Ms. Emma McClarty, you had an obligation to warn Ms. Emma McClarty and others about the condition.

*Response*[:] Defendant Trigild Incorporated admits this request. . . . Defendant Trigild Incorporated denies actual and constructive knowledge of any hazardous condition in the room cited in the request.

4

Dissatisfied with Trigild's responses to request number 26 and request number 29, McClarty moved the trial court to determine their sufficiency. See OCGA § 9-11-36 (a) (3) ("The party who has requested the admissions may move to determine the sufficiency of the answers or objections."). She argued that Trigild's responses, which concerned Trigild's lack of knowledge of the ceiling's condition, failed to fairly meet the substance of the requested admissions, which did not ask about Trigild's knowledge. She also argued that Trigild's responses were insufficient because they failed to state that Trigild had "made reasonable inquiry and that the information known or readily obtainable by [it was] insufficient to enable [it] to admit or deny." OCGA § 9-11-36 (a) (2). The trial court ruled that request number 26 concerned a topic not appropriate for a request for admission and thus "denied" McClarty's motion without determining the sufficiency of the response. The trial court ruled that Trigild's response to request number 29 would be deemed a qualified admission and presented as such to the jury.

At trial, McClarty's counsel read into evidence her request number 29, stated that Trigild admitted the request, and then, consistent with the trial court's ruling, qualified that admission by reading Trigild's original response to the request.

McClarty's counsel also read into evidence her request number 30 and request number 31 and stated that Trigild had admitted both requests.

On appeal, McClarty challenges the trial court's ruling that request number 26 was inappropriate, the trial court's ruling permitting the qualification of the admission to request number 29, and the admission at trial of evidence that McClarty argues contradicted the admissions to requests number 29, 30 and 31.

2. *Ruling that request number 26 was inappropriate.*

McClarty argues that the trial court erred when, instead of determining the sufficiency of Trigild's response to request number 26, the trial court ruled that the request was inappropriate. We agree and hold that this error requires that the judgment be vacated and the case remanded for the trial court to determine the sufficiency of that response.

Our Supreme Court addressed the permissible scope of requests for admission in *G. H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327 (486 SE2d 810) (1997), and concluded that "requests for admission under OCGA § 9-11-36 (a) are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case." Id. at 329 (1) (citations omitted). Accord *Brown v. Morton*, 274 Ga. App. 208, 209 (617 SE2d 198) (2005).

Consequently, "even where the answering party lacks information or considers the requested matter to involve a genuine issue of fact, the party must nevertheless answer the request, in a manner consistent with the ways set forth in OCGA § 9-11-36 (a) (2)." *G. H. Bass & Co.*, 268 Ga. at 329-330 (1). That Code provision, which is strictly construed, id. at 331 (2), requires the answering party to state in its response the reasons for any objection and to "fairly meet the substance of the requested admission" with any denial. OCGA § 9-11-36 (a) (2).

McClarty's request number 26 asked Trigild to admit that there was a hazardous condition that led to the collapse of the ceiling. Even if the request sought the admission of opinions or conclusions of law rather than facts, it fell within the permissible scope of requests for admission described by the Supreme Court in *G. H. Bass & Co.* because it sought opinions or conclusions that related to the facts of this case. 263 Ga. at 329 (1); see also *Wellstar Health Sys. v. Green*, 258 Ga. App. 86, 90-91 (2) (572 SE2d 731) (2002). In its response, Trigild did not object to the request on the ground that it was inappropriate or on any other ground. Instead, Trigild denied the request to admit in a manner that McClarty argues did not fairly meet the substance of the request. By erroneously rejecting the request as inappropriate, the trial court did not rule on the sufficiency of Trigild's denial.

7

The issues of whether the response was insufficient and, if so, what course of action should be taken were determinations for the trial court to make in his discretion. OCGA § 9-11-36 (a) (3); see *Wellstar Health Sys.*, 258 Ga. App. at 90-91 (2). Because the trial court did not make those determinations, which could have affected the evidence presented to the jury at trial on the key issue of the existence of a hazardous condition, we must vacate the judgment that the trial court entered on the jury's verdict and remand the case for the trial court to rule on the sufficiency of Trigild's response to request number 26. If on remand the trial court rules that Trigild's response was sufficient, then the court may reenter the judgment on the jury verdict and McClarty may appeal from that judgment. (As explained in Divisions 3 and 4, infra, McClarty's other claims of error do not merit reversal of the judgment entered on the jury verdict.) If the trial court rules that Trigild's response was insufficient, however, he then "may order either that the matter is admitted or that an amended answer be served," OCGA § 9-11-36 (a) (3), and conduct further proceedings consistent with his ruling and not inconsistent with this opinion.

3. *Qualified admission to request number 29.*

McClarty argues that the trial court erred in permitting Trigild to qualify its admission to request number 29. We disagree.

8

Request number 29 asked that Trigild admit that it did not warn McClarty about the condition of the ceiling. Trigild responded by denying knowledge of any hazardous condition that would trigger a duty to warn. In hearing McClarty's motion for a determination of the sufficiency of that response, the trial court engaged in the following colloquy with Trigild's counsel:

> The Court: Well, if you didn't know about it [a hazardous condition], you didn't warn her, right?
>
> [Counsel]: Correct.
>
> The Court: So, it's admitted but you have an explanation.
>
> [Counsel]: Right.
>
> The Court: So, you're wanting me to admit it or to deem it admitted, but with an explanation, which I can do. . . . Twenty-nine, the response is deemed admitted with the explanation given.

McClarty did not object to this resolution of her motion.

A trial court faced with an insufficient response to a request for admission "may order . . . that an amended answer be served." OCGA § 9-11-36 (a) (3). In lieu of an order, the trial court may "determine that final disposition of the request be

9

made at a pretrial conference or at a designated time prior to trial." Id. In this case, the trial court disposed of the request at a hearing immediately before trial. The trial court's ruling at that hearing essentially permitted Trigild to amend its answer from a denial to a qualified admission. The Code section governing requests for admission permits a party to qualify an answer "when good faith requires." OCGA § 9-11-36 (a) (2). And the record does not reflect that McClarty objected at trial to Trigild's amended answer to the request. Under these circumstances, we find no abuse of discretion by the trial court. See *Wellstar Health Sys.*, 258 Ga. App. at 90-91 (2) (applying abuse of discretion standard to review trial court's disposition of request for admission).

4. *Evidence allegedly conflicting with admissions to requests number 29, 30 and 31.*

McClarty argues that the trial court erred in permitting Trigild to admit evidence that conflicted with its admissions to requests number 29, 30 and 31. Trigild argues that McClarty waived this objection by failing to raise it at the time the evidence was admitted. McClarty responds that she was not required to object because the admissions conclusively established the matters admitted. See OCGA § 9-11-36 (b) ("Any matter admitted under this Code section is conclusively established

unless the court, on motion permits withdrawal or amendment of the admission."); see also *Fox Run Props. v. Murray*, 288 Ga. App. 568, 569 (1) (654 SE2d 676) (2007); *Pulte Home Corp. v. Woodland Nursery & Landscapes*, 230 Ga. App. 455 (1) (496 SE2d 546) (1998). We need not determine the effect of a party's failure to object to evidence that conflicted with an admission presented to the jury pursuant to OCGA § 9-11-36, however, because we discern no conflict between the admissions that Trigild made and the evidence it presented.

The admissions at issue (fully set forth in Division 1, supra) can be summarized as follows: Trigild admitted that it did not warn McClarty of the condition that led to the ceiling's collapse (request number 29); Trigild admitted that, had it known of that condition, it would have had an obligation to fix it (request number 30); and Trigild admitted that, had it known of that condition, it would have had an obligation to warn McClarty and others of it (request number 31).

The allegedly contradictory evidence, however, did not address Trigild's failure to warn or its obligations. Instead, that evidence – the testimony of an expert witness – questioned whether drywall actually struck McClarty's head when the ceiling collapsed. Although each of the above requests did refer to the "ceiling collapsing and falling on [McClarty]," that language merely provided context for the matters

11

being admitted – Trigild's failure to warn and its obligations. We do not read the requests to seek admissions about the matter of the drywall striking McClarty's head. Consequently, the trial evidence to which McClarty points did not contradict Trigild's admissions and does not provide a ground for reversal. Compare *Pulte Home Corp.*, 230 Ga. App. at 456 (1) (reversing jury verdict where, in response to request for admission, party admitted that it had agreed to perform terms of contract, but at trial party presented evidence that it was not bound by contract).

*Judgment vacated and case remanded with direction. Ellington, P. J., and Dillard, J., concur.*