**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 11, 2016**

# In the Court of Appeals of Georgia

A16A0811. McCLARTY v. TRIGILD INCORPORATED et al.

MCFADDEN, Judge.

This is the second appearance of this premises liability case before us. In *McClarty v. Trigild Inc.*, 333 Ga. App. 112 (775 SE2d 597) (2015), we vacated the trial court's judgment on a jury verdict in favor of defendant Trigild Incorporated, and we remanded the case with directions for the trial court to determine the sufficiency of Trigild's response to one of plaintiff Emma McClarty's requests for admission and to conduct other proceedings consistent with that determination and not inconsistent with our opinion. Id. at 115-116 (2). McClarty now appeals from the trial court's ruling on remand, in which the trial court decided that Trigild had made an admission but reentered the judgment on the prior jury verdict anyway, thereby preventing McClarty from presenting evidence of and argument about that admission to a jury.

Because the reentry of the judgment was not consistent with the trial court's rulings on the admission, we reverse.

Our earlier opinion in this case sets forth the facts and procedural history in detail. See *McClarty*, 333 Ga. App. 112. Pertinently, McClarty brought an action alleging that she was injured when a ceiling in a motel operated by Trigild collapsed on top of her. In discovery, she propounded a request for admission upon Trigild, asking that it admit that "[t]he condition on the premises that led to the ceiling's collapse and fall on Ms. Emma McClarty was a hazardous condition." McClarty moved for the trial court to determine whether Trigild's response to this request was sufficient, see OCGA § 9-11-36 (a) (3), but the trial court denied the motion on the ground that the request itself was inappropriate. The case proceeded to trial, where a jury returned a verdict for Trigild.

On appeal, we held that the trial court erred in finding the request for admission inappropriate and denying McClarty's motion without determining the sufficiency of Trigild's response. *McClarty*, 333 Ga. App. at 115 (2). We stated that "[t]he issues of whether the response was insufficient and, if so, what course of action should be taken were determinations for the trial court to make in his discretion." Id. (citations omitted). We further stated that the trial court's determinations on those issues "could

2

have affected the evidence presented to the jury at trial on the key issue of the existence of a hazardous condition[.]" Id. Accordingly, we "vacate[d] the judgment that the trial court entered on the jury's verdict and remand[ed] the case for the trial court to rule on the sufficiency of Trigild's response to [the] request[.]" Id. at 115-116 (2). We directed:

> If on remand the trial court rules that Trigild's response was sufficient, then the court may reenter the judgment on the jury verdict and McClarty may appeal from that judgment. . . . If the trial court rules that Trigild's response was insufficient, however, he then 'may order either that the matter is admitted or that an amended answer be served,' OCGA § 9-11-36 (a) (3), and conduct further proceedings consistent with his ruling and not inconsistent with this opinion.

*McClarty*, 333 Ga. App. at 116 (2).

On remand, the trial court "asked the parties to brief how this matter should proceed upon the court's determination of the sufficiency of Trigild's response to [the] request[.]" Trigild did not file a brief. McClarty filed a brief in which she argued that if the trial court found Trigild's response insufficient and ordered that the matter was admitted, then she should receive a new trial.

The trial court then ruled that Trigild's response was insufficient and ordered that the matter was admitted under OCGA § 9-11-36, which governs requests for

3

admissions and provides that "[a]ny matter admitted under this Code section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." OCGA § 9-11-36 (b). Instead of granting McClarty a new trial, however, the trial court reentered judgment on the prior jury verdict for Trigild. As a result, McClarty had no opportunity to present evidence of Trigild's admission or argue its conclusive effect to the jury that decided the case. McClarty argues that this was error, and we agree.

An admission under OCGA § 9-11-36 is substantive evidence and must be placed into evidence at trial in some form to be considered by the factfinder. *Vis v. Harris*, 329 Ga. App. 129, 134 (1) (a) (764 SE2d 156) (2014); *Brooks v. Roley & Roley Engineers*, 144 Ga. App. 101, 102 (1) (240 SE2d 596) (1977). Moreover, an admission under OCGA § 9-11-36 is "conclusively established as a matter of law." *Vis*, 329 Ga. App. at 135 (1) (b). It is comparable to a judicial admission, rather than an evidentiary admission. See *Jackson v. Nemdegelt, Inc.*, 302 Ga. App. 767, 771 (691 SE2d 653) (2010); *Vaughn v. Metropolitan Property & Cas. Ins. Co.*, 260 Ga. App. 573, 574 (3) (580 SE2d 323) (2003); *Pulte Home Corp. v. Woodland Nursery & Landscapes*, 230 Ga. App. 455 (1) (496 SE2d 546) (1998); *Britt v. West Coast Cycle*, 198 Ga. App. 525, 526 (1) (402 SE2d 121) (1991). It is binding, *Vaughn*, 260

4

Ga. App. at 575 (3), and "reliev[es] the opposing party from the need of any evidence, as to th[e] matter [admitted]." *Jabaley v. Jabaley*, 208 Ga. App. 179 (1) (430 SE2d 119) (1993) (citation and punctuation omitted). Unless the trial court allows the admission to be withdrawn, see OCGA § 9-11-36 (b), the admission is not subject to contradiction or explanation. *Jackson*, 302 Ga. App. at 771; *Vaughn*, 260 Ga. App. at 574 (3); *Piedmont Aviation v. Washington*, 181 Ga. App. 730, 731 (2) (353 SE2d 847) (1987). The factfinder cannot consider any evidence inconsistent with the binding effect of the admission. See *Jackson*, 302 Ga. App. at 771; *Vaughn*, 260 Ga. App. at 575 (3); *Pulte Home Corp.*, 230 Ga. App. at 455 (1); *Piedmont Aviation*, 181 Ga. App. at 731 (2).

By reentering judgment on a verdict reached by a jury *before* the trial court ordered that Trigild had admitted a matter under OCGA § 9-11-36, the trial court essentially withdrew Trigild's admission from the jury's consideration. This was error. The trial court was not authorized to withdraw the admission when Trigild had not moved for withdrawal. See *Vis*, supra, 329 Ga. App. at 135 (1) (b). Likewise, the trial court was not authorized to prevent McClarty from arguing the effect of the admission to the jury. See id. at 136 (1) (c).

The trial court based his ruling on a determination that, under OCGA § 9-11-61, McClarty was not entitled to a new trial because she had not shown that she was harmed by her inability to present evidence of and argue the conclusive effect of Trigild's admission to the jury that reached the verdict in her case. That Code section, titled "Harmless error," provides:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

OCGA § 9-11-61. For purposes of this analysis we pretermit the issue of whether OCGA § 9-11-61 applies to a trial court's reentry of a previously-vacated judgment on a jury verdict reached in a case in which error had occurred. Even if OCGA § 9-11-61 applies to this case, the trial court's error in reentering the judgment was harmful and must be reversed.

Error ordinarily is presumed harmful "unless it appears to have had no effect upon the result of the trial." *Foster v. Harmon*, 145 Ga. App. 413, 415 (1) (243 SE2d

659) (1978) (citation and punctuation omitted) (addressing predecessor to OCGA § 9-11-61). Trigild, however, offered no rebuttal of this presumption to the trial court; it did not respond to the trial court's request for briefs on the issue of how the matter should proceed.

Moreover, in *Vis v. Harris*, supra, 329 Ga. App. 129, we declined to find that a similar trial court error was harmless. In *Vis*, as in this case, the trial court erred in preventing the plaintiff from arguing to the jury the conclusive effect of the defendant's admissions. Id. at 135 (1) (b), 136 (1) (c). The defendant argued that this error was harmless because evidence of the admissions *had* been put into the record. Id. at 135 (1) (b). We disagreed, holding that "while the trial court did not instruct the jury to disregard the admissions that had been entered into evidence, neither would it allow [the plaintiff] to argue their conclusive effect to the jury. Thus, we cannot say that the trial court's ruling on the admissions was harmless." Id. In this case, Trigild's assertion on appeal that the trial court's ruling was harmless is even weaker than that in *Vis*, because the ruling also prevented McClarty from presenting evidence of the admission to the jury at all.

We are not persuaded by arguments that the error was harmless because the jury heard other evidence of the matter admitted – the existence of a hazardous

condition – and because Trigild did not challenge that matter at trial. McClarty based her action against Trigild on a theory of premises liability. To prevail on this cause of action, she bore the burden of proving, among other things, that a hazardous condition existed. See *Taylor v. Thunderbird Lanes*, 324 Ga. App. 167, 169-170 (1) (748 SE2d 308) (2013). Trigild's counsel emphasized McClarty's burden to the jury in his opening statement and closing argument.

Trigild's admission that "[t]he condition on the premises that led to the ceiling's collapse and fall on Ms. Emma McClarty was a hazardous condition" went straight to that essential element of McClarty's claim. The conclusive nature of the admission relieved McClarty of any obligation to prove this fact to the jury, *Jabaley*, 208 Ga. App. at 179 (1), but the jury was not told of this exception to McClarty's burden of proof. The conclusive nature of the admission also precluded the jury from disbelieving this fact based on other evidence, *Piedmont Aviation*, 181 Ga. App. at 732 (2), but again the jury was not informed of this restriction. While other evidence might have also addressed the admitted fact, that other evidence could not substitute for the admission because, unlike the admission, the other evidence was not conclusive in nature and the jury was free to disbelieve it. Compare *Piedmont Aviation*, 181 Ga. App. at 731 (2) (distinguishing between conclusive judicial

8

admission, which relieves party from the need of any evidence, and other forms of evidence, which are "merely . . . item[s] in the mass of evidence") with *Travelers Ins. Co. v. Trans State*, 172 Ga. App. 763, 765 (2) (324 SE2d 585) (1984) (finding exclusion of transcript of testimony, purportedly constituting admission, was not harmful where other evidence of same fact was presented to jury). Because the trial court's ruling deprived McClarty of the opportunity to inform the jury that one of the essential elements of her action had been proven as a matter of law, "we cannot say that the trial court's ruling . . . was harmless." *Vis*, 329 Ga. App. at 135 (1) (b).

*Judgment reversed. Miller, P. J., and McMillian, J., concur.*