**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

May 29, 2024

# In the Court of Appeals of Georgia

A24A0244.  APPLE  PIE  RIDGE  HOMEOWNERS ASSOCIATION, INC. v. ANDREWS et al.

MARKLE, Judge.

Apple Pie Ridge Homeowners Association, Inc. (hereinafter "the Association") appeals from the trial court's grant of summary judgment in favor of J. Scott Andrews and his wife, Karen Andrews (collectively "Andrews"), arising from a dispute regarding whether Andrews owed certain fees and assessments under the declaration of covenants governing the subdivision in which Andrews owns property. On appeal, the Association contends the trial court erred by granting Andrews's motion because it misapplied the facts of the case to the law. After a thorough review of the record, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). On appeal from the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law, viewing the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Salem Crossing Townhomes Homeowners Assoc. v. Wagner*, 347 Ga. App. 621 (820 SE2d 453) (2018).

So viewed, the record shows that Apple Pie Ridge is a residential subdivision located in Banks County, Georgia, and Apple Pie Ridge Properties, LLC ("APRP") was the developer during the relevant time. In October 1996, the subdivision was governed by a declaration of covenants, conditions, and restrictions ("the declaration") filed by the previous developers. On May 30, 2002, APRP filed an amended declaration, which superseded the previous one. The declaration runs with the property, is binding on future property owners, and imposes certain conditions on homeowners, including payment of assessments to the Association.

As is relevant to this appeal, the declaration contains two pertinent provisions: (1) it grants APRP the right to unilaterally annex additional property to the declaration, subjecting the property to the terms of the declaration, and (2) it allows

2

APRP to unilaterally withdraw portions of the development from the declaration under certain conditions. The declaration further provides that APRP's annexation rights expire ten years after the recording of the declaration, and thus ended May 30, 2012. The declaration further permitted APRP to unilaterally amend the covenants and certain conditions.

In the ensuing years, APRP exercised its rights to amend the declaration seven times, with the sixth and seventh amendments being relevant here. In 2017, APRP amended the declaration a sixth time, withdrawing certain properties, identified as lots 3, 4, and 5 of phase 3. Several weeks later, it amended the declaration a seventh time to add those lots back under the declaration.

Andrews acquired lots 3, 4, and 5 in phase 3 in April 2020, believing the lots were not subject to the Association's guidelines. Andrews intended to build a home and submitted construction plans to the Association. Shortly thereafter, this dispute over whether Andrews's lots were subject to the declaration arose.

Initially, the Association contended the lots were not subject to the declaration and Andrews was not required to pay assessments. Subsequently, the Association determined that Andrews's lots were subject to the declaration because APRP had

reacquired the lots via the seventh amendment to the declaration. Based on this belief, in July 2020, the Association sent Andrews an invoice for 2020 annual fees in the amount of $400 and an additional $400 transfer fee for each of the lots. When Andrews failed to pay, the Association's attorney sent Andrews a demand letter, seeking past due assessments, other charges, and attorney fees.

In June 2021, Andrews filed a petition for declaratory judgment against the Association, seeking a determination that the properties were not subject to the declaration, and requesting the trial court to enjoin the Association from further attempts to collect on the debt. Andrews also sought attorney fees and costs of litigation under OCGA § 9-15-14. The Association answered and counterclaimed to collect the past due assessments. Andrews served the Association with discovery, including requests for admission. In the requests, Andrews sought the Association's admissions that the declaration superseded the prior covenant recorded by the previous owner; the lots could be withdrawn from the declaration anytime before the conversion date; the conversion date had not yet occurred when the sixth amendment was recorded; the sixth amendment withdrew the lots from the declaration; APRP's unilateral annexation rights could only be exercised within ten years of when the

declaration was recorded; and the ten-year deadline expired prior to the recording of the seventh amendment. Receiving no response to the requests for admissions, Andrews moved for summary judgment. The Association likewise failed to respond to Andrews's summary judgment motion.

After acquiring new counsel in January 2023, the Association moved to withdraw the admissions. It also moved for partial summary judgment as to Andrews's claims for relief. Following a hearing, the trial court granted Andrews's motion, enjoined the Association from further collection efforts; and denied the Association's motions to withdraw the admissions and for partial summary judgment. This appeal followed.

In its sole enumeration of error, the Association contends that the trial court erred by granting Andrews's motion for summary judgment. Importantly, however, the Association does not appeal the trial court's denial of its motion to withdraw admissions. As such, any challenge to the trial court's denial of that motion is deemed abandoned, and the trial court's ruling is affirmed by operation of law. *Cotton v. Smith*, 310 Ga. App. 428, 429 (1) (714 SE2d 55) (2011); see also *Goodwin v. State of Ga.*, 321 Ga. App. 548, n. 1 (739 SE2d 814) (2013); *Kelley v. General Motors Acceptance Corp.*,

145 Ga. App. 739, 741 (5) (244 SE2d 911) (1978). Accordingly, for purposes of this appeal, the Association's admissions are undisputed and it is from this perspective that we begin our analysis.

Without directly contesting its admissions, the Association argues that the trial court erred by granting Andrews's summary judgment motion because Andrews was bound by the declaration through a theory of implied covenants. But the Association's argument fails to acknowledge the preclusive effect its admissions have on its ability to make such an argument.

> It is well settled that a party's failure to timely respond to requests for admission conclusively establishes as a matter of law each of the matters addressed in the requests. This is true even if the requested admissions require opinions or conclusions of law, so long as the legal conclusions relate to the facts of the case. The language in OCGA § 9-11-36 (a) is clear, unambiguous, and unequivocal and means just what it says. One must comply strictly and literally with the terms of the statute upon the peril of having his response construed to be an admission. Thus, matters deemed admitted under this statute become solemn admissions in judicio and are conclusive as a matter of law on the matters stated and *cannot be contradicted by other evidence* unless the admissions are withdrawn or amended on formal motion.

(Citation omitted; emphasis supplied.) *Blount v. College Glen Condo. Assn.*, 362 Ga. App. 133, 134-135 (1) (866 SE2d 843) (2021); *Adewumi v. Amelia Grove/Ashland Park Homeowners Assn.*, 337 Ga. App. 275, 277 (2) (787 SE2d 761) (2016); OCGA § 9-11-36 (a) (1), (b).

Because the trial court denied the Association's request to withdraw those admissions, the requests were deemed admitted by operation of law, and the Association cannot rely on contrary evidence or inconsistent defenses to dispute them. *McClarty v. Trigild Inc.*, 339 Ga. App. 691, 693 (794 SE2d 408) (2016) ("Unless the trial court allows the admission to be withdrawn, see OCGA § 9-11-36 (b), the admission is not subject to contradiction or explanation. The factfinder cannot consider any evidence inconsistent with the binding effect of the admission.") (citations omitted); see also *Jackson v. Nemdegelt, Inc.*, 302 Ga. App. 767, 771 (691 SE2d 653) (2010); *Vaughn v. Metropolitan Property & Cas. Ins. Co.*, 260 Ga. App. 573, 575 (3) (580 SE2d 323) (2003).

As such, the Association has admitted that the sixth amendment withdrew Andrews's lots from the declaration, and that APRP's unilateral annexation rights had expired prior to any efforts by APRP to annex the lots back under the declaration.

7

Accordingly, the Association has admitted that Andrews's lots do not fall under the provisions of the declaration, and thus are not subject to the Association's assessments and fees. Additionally, the effect of the admissions precludes the Association from now asserting defenses inconsistent with those admissions. *McClarty*, 339 Ga. App, at 693.

Given our conclusion here, we do not reach the Association's arguments regarding an implied covenant. We likewise do not reach the Association's argument regarding the limited warranty deeds and the validity of the sixth amendment to the declaration, as the Association failed to raise them in the trial court below and obtain a ruling thereon. *Pneumo Abex, lLLC v. Long*, 357 Ga. App. 17, 29 (2) (849 SE2d 746) (2020) ("As we have repeatedly explained, this is a Court for the correction of errors of law, and if the trial court has not ruled on an issue, we will not address it. Indeed, without a ruling by the trial court on a particular issue, there is nothing for this Court to review upon appeal.) (citation and punctuation omitted). Accordingly, the trial court did not err in granting Andrews's motion for summary judgment, and we affirm.

*Judgment affirmed. Miller, P. J., and Land, J., concur.*