**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 21, 2025**

# In the Court of Appeals of Georgia

A25A0821. T-MOBILE USA, INC. v. PERSICHETTI.

RICKMAN, Presiding Judge.

T-Mobile USA, Inc. appeals from the trial court's award of damages following the entry of default judgment against it in William Persichetti's action for violations of the Telephone Consumer Protection Act ("TCPA"), 47 USC § 227, et seq., and the regulations promulgated thereunder, 47 CFR § 64.1200 (c). T-Mobile contends that the trial court erred in awarding damages in an amount greater than the relief sought in Persichetti's complaint and in denying T-Mobile's motion to withdraw admissions. For the reasons that follow, we affirm in part and reverse in part.

In his complaint, Persichetti, a T-Mobile subscriber, alleged that T-Mobile, in violation of the TCPA, repeatedly sent telemarketing text messages to his cellular

telephone number despite his oral and written requests that T-Mobile stop sending him the unwanted text messages, his registration on the national do-not-call registry, and a prior lawsuit against T-Mobile for alleged violations of the TCPA. See *Persichetti v. T-Mobile United States*, 479 FSupp.3d 1333 (N.D. Ga. 2020). As damages, Persichetti sought up to $500 for each violation and requested that the court award treble damages because T-Mobile's conduct was willful and knowing. See 47 USC § 227 (c) (5).[1] Persichetti also sought attorney fees and expenses pursuant to OCGA § 13-6-11 and "such additional relief as deemed just and proper."

T-Mobile was served with Persichetti's complaint on May 9, 2024, and when T-Mobile failed to answer, Persichetti moved for default judgment on September 30, 2024. Persichetti also served T-Mobile with discovery requests, including requests for admission, on August 6, 2024.

---

[1] Pursuant to 47 USCA § 227 (c) (5) (B), "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State . . . an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater." In addition, "[i]f the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 USCA § 227 (c) (5).

At the scheduled hearing on Persichetti's motion for default judgment, the trial court was informed that, the night before the hearing, T-Mobile had served Persichetti with a motion to open the default and a motion to withdraw admissions.[2] T-Mobile also informed the trial court that it had responded to discovery, and Persichetti provided the court with the responses he had received.[3] The trial court then heard argument on all three motions and orally denied the motion to open the default and the motion to withdraw admissions.

Next, the trial court conducted a damages hearing on Persichetti's motion for default judgment. To support his claim for damages, Persichetti introduced the discovery requests served on T-Mobile, including Request for Admission No. 35, which stated: "Since May 24, 2021, T-Mobile has initiated more than 100 text messages to Plaintiff's telephone number for the purpose of encouraging the purchase of products and/or services from the Defendant." Based on the admissions

---

[2] T-Mobile's motions were filed on the day of the hearing, shortly after it was scheduled to begin and over a month after the trial court noticed a hearing on Persichetti's motion for default judgment.

[3] T-Mobile filed a notice that it had served responses to the discovery requests on November 12, 2024, but the actual responses are not included in the record on appeal.

established by T-Mobile's failure to respond, Persichetti sought $50,000 in base statutory damages ($500 per call), asked that the damages be trebled, and requested that T-Mobile be enjoined from continuing to make telemarketing calls to Persichetti's telephone number. T-Mobile objected to the relief requested by Persichetti and argued that there was no evidence that there were more than 100 text messages to Persichetti's telephone number.

Before ruling that it would grant the judgment sought by Persichetti, the trial court noted that T-Mobile, in its belated response to Request for Admission No. 35, had stated that it had made reasonable inquiry and lacked sufficient evidence to admit or deny the request. The trial court subsequently issued a written Default Judgment in which it concluded that T-Mobile was in default, the facts set forth in the requests for admission were deemed established by virtue of T-Mobile's failure to respond, and T-Mobile had initiated 100 telemarketing text messages to Persichetti's telephone number in willful and knowing violation of the do-not-call regulations. As damages, the trial court awarded Persichetti $150,000 ($500 for each of the 100 text messages, trebled), plus costs, and enjoined T-Mobile from making telemarketing calls to Persichetti's telephone number. This appeal followed.

1. T-Mobile contends that the trial court erred by awarding relief greater than the relief sought in the complaint. It argues that Persichetti is only entitled to monetary damages for the three text messages referenced in the complaint and that injunctive relief was improper because it was not requested in the complaint.

Initially, we note that T-Mobile does not challenge the trial court's grant of a default judgment on the issue of its liability. When a case is in default, the plaintiff is entitled to judgment "as if every item and paragraph of the complaint or other original pleading were supported by proper evidence," unless the action involves unliquidated damages, "in which event the plaintiff shall be required to introduce evidence and establish the amount of damages. . . ." OCGA § 9-11-55 (a). In other words, by virtue of its default, T-Mobile "is in a position of having admitted each and every material allegation of [Persichetti's] complaint except as to the amount of damages suffered by [Persichetti]." (Citation and punctuation omitted.) *Paris v. E. Michael Ruberti, LLC*, 355 Ga. App. 748, 752 (845 SE2d 720) (2020). And "defenses which go to the right of recovery are not available to [T-Mobile] in default even though the same defense may also go to the assessment of damages." (Citation and punctuation omitted.) Id. However, as T-Mobile correctly points out,"[a] judgment by default shall not be

5

different in kind from or exceed in amount that prayed for in the demand for judgment." OCGA § 9-11-54 (c) (1).

Here, Persichetti's complaint alleged that despite his extensive efforts to dissuade T-Mobile from initiating telemarketing calls, T-Mobile persisted, continuing to make such calls to Persichetti's telephone number in subsequent months. Persichetti alleged as examples three specific text messages. Contrary to T-Mobile's assertion, the complaint did not limit its damages claim to those three examples, and the trial court was authorized to determine the amount of the monetary damages award based on the evidence presented. See OCGA § 9-11-55 (a); *Floyd v. First Union Nat. Bank of Ga.*, 203 Ga. App. 788, 789 (1) (417 SE2d 725) (1992) (where demand for judgment prayed for damages in an "open-ended" amount, the court was authorized to determine the amount of the award, and its determination would not conflict with OCGA § 9-11-54(c)(1)). By virtue of its failure to respond to the requests for admission, T-Mobile admitted that it initiated over 100 telemarketing text messages to Persichetti's telephone number. See OCGA § 9-11-36 (a) (2).[4] And "[a]ny matter

---

[4] In pertinent part, OCGA § 9-11-36 (a) (2) provides:
[e]ach matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the

admitted under OCGA § 9–11–36 is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." (Citation and punctuation omitted.) *Brown v. Morton*, 274 Ga. App. 208, 209 (617 SE2d 198) (2005); see *McClarty v. Trigild Inc.*, 339 Ga. App. 691, 693 (794 SE2d 408) (2016) (an admission under OCGA § 9-11-36 is substantive evidence and "relieves the opposing party from the need of any evidence, as to the matter admitted") (citation and punctuation omitted). Because the trial court denied T-Mobile's request to withdraw its admissions, T-Mobile is bound by its admission of the basis for Persichetti's monetary damages claim, and T-Mobile's challenge to the trial court's award of those amounts fails. See *Crumpton v. Samples*, 365 Ga. App. 143, 149 (2) (877 SE2d 683) (2022) (rejecting challenge to final judgment based on argument that trial court erred in denying motion to withdraw requests for admission in light of conclusion that trial court properly denied motion to withdraw).

---

request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney[.]

We reach a different conclusion with respect to the trial court's award of injunctive relief. Persichetti's complaint did not seek injunctive relief, and the trial court therefore erred in awarding such relief. See OCGA § 9-11-54(c)(1); *Stamps v. Nelson*, 290 Ga. App. 277, 280 (2) (659 SE2d 697) (2008) (A "plaintiff's relief in a judgment by default is strictly limited in nature and degree to that specifically demanded in the complaint, even though the allegations or the proofs, or both, would justify other, additional, or greater relief, as under a prayer for general relief.") (citation and punctuation omitted).

2. T-Mobile contends that the trial court erred in failing to conduct the proper analysis of its motion to withdraw admissions and in denying the motion.

During the motions hearing conducted by the trial court in this case, after the trial court denied T-Mobile's motion to open default, Persichetti's counsel inquired whether the trial court was also denying T-Mobile's motion to withdraw admissions. The trial court responded, "Yes," without elaboration. The record on appeal does not reflect that this oral pronouncement was ever reduced to writing. As a result, we have no ruling to review on appeal. See *Steedley v. Gilbreth*, 352 Ga. App. 179, 185 (3) (834 SE2d 301) (2019) ("[A]n oral order is not final nor appealable until and unless it is

8

reduced to writing, signed by the judge, and filed with the clerk."); see also *Mondy v. Magnolia Advanced Materials*, 303 Ga. 764, 772 (4) (b) (815 SE2d 70) (2018) ("[U]ntil an oral pronouncement is memorialized, the trial judge has broad discretion to amend, alter, or completely change his decision, and any discrepancy between the oral pronouncement and the written ruling will be resolved in favor of the written judgment.").[5]

*Judgment affirmed in part and reversed in part. Gobeil and Davis, JJ., concur.*

---

[5] We note that this is not a situation where T-Mobile requested that the trial court put its ruling in writing and the trial court declined to do so. See *Mondy*, 303 Ga. at 772 (4) (b), n.5 (noting that if a trial judge refuses to put an oral ruling in writing and the transcript shows that the party aggrieved by the ruling asked the judge to put the ruling in a written order, an appeal may be allowed); *Titelman v. Stedman*, 277 Ga. 460, 462 (591 SE2d 774) (2003) (explaining that where a trial court refuses to perform its legal duty to enter a written order, mandamus is appropriate to compel the trial court to enter a written order from which an appeal can be taken).